Toliver vs. The State.

## TOLIVER VS. THE STATE.

1. CRIMINAL PLEADING: *Burglary and Larceny: Indictment: Cumulative punishment.*

   Burglary and grand larceny, where the one is connected with the other, may be joined in one indictment; and, upon conviction for both, cumulative punishments may be assessed—the second commencing at the termination of the first.

2. BILL OF EXCEPTIONS: *Must be made part of record.*

   Unless a bill of exceptions appears to have been filed and made part of the record, it can not be noticed.

APPEAL from *Yell* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Harrison,* for appellant.

*Henderson, Attorney General, contra.*

HARRISON, J. The appellant, Henry Toliver, was indicted for burglary and also grand larceny, and both offenses were charged in the same indictment.

He was convicted of both, and his punishment was assessed by the jury for the burglary, at three, and for the larceny, at two years' imprisonment in the penitentiary.

He moved in arrest of judgment because the two offenses were charged in the same indictment, and the verdict was for cumulative periods of imprisonment. The court over-

ruled the motion, and he was sentenced in accordance with the verdict, the latter period of imprisonment to commence on the termination of the former.

Burglary and grand larceny, if the one was connected with the other, may be charged in one indictment. *Gantt's Dig.*, secs. *1349*, *1351*; *Dodd v. The State*, *33 Ark.*

The statute expressly provides for cumulative periods of imprisonment.

Section 1990 Gantt's Digest, is as follows:

" If the defendant be convicted of two or more offenses, the punishment of each of which is confinement, the judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the other." *Dodd v. The State, supra; Bish. Crim. Law, sec. 953.*

We find in the transcript what purports to be a bill of exceptions in the case, but which does not appear to have been filed or in any way made part of the record. We can not, therefore, notice it.

The judgment is affirmed.