## FANNING v. STATE.

1.   COST:   *Construction af statute.*

Statutes regulating costs are construed strictly, and all doubts as to their meaning are resolved against the officer claiming them; and fees for constructive service are in no case allowed.

2.   FEES:   *Prosecuting attorneys.*

However numerous may be the parties convicted under a joint indictment, the prosecuting attorney is entitled to but a single fee for one conviction against all and not a separate fee against each.

APPEAL from *Boone* Circuit Court.
HON. I. M. PITTMAN, Judge.

*O. W. Watkins* for Appellant.

The prosecuting attorney is entitled to one fee only for a conviction in each case, no matter how many defendants there may be.    *Sec. 3233, Mansf. Dig.; Bouvier L. D., title "Conviction;" 1 Bishler, Law, sec. 223; 1 Blatchf., 459; 10 Sm. and M., 192; 5 Ark., 536; ex parte Jerry Murphy, St. Louis Ct. Appeals, 1886, Mss.; 25 Ark., 235; Dwarris St., p. 644.*

*Dan W. Jones*, Attorney General, for Appellee.

*Sec. 3233, Mansf. Dig.*, allows a fee for *each* conviction, and there was a conviction of *each* defendant in the case.

Fanning v. State.

SMITH, J. Sixteen persons, having been jointly indicted for a misdemeanor and having pleaded guilty, were condemned to pay a fine of $10 each and the costs of the prosecution. As a part of the costs, the clerk taxed up against each defendant a fee of $10 in favor of the prosecuting attorney. The defendants moved for a re-taxation of costs, alleging that the attorney prosecuting for the state was only entitled to one fee in the entire case; but the circuit court denied their motion.

*Section 3233* of *Mansf. Dig.*, allows a fee for each conviction. And the question is, whether there have been sixteen convictions, or only one.

1. Construction of the statute.

If there is a doubt as to the meaning of the statute, that doubt must be resolved against the officer. For statutes regulating costs are construed strictly. . Fees for constructive services are in no cases allowed. Those who serve the public must rest content with the compensation provided by the plain letter of the law. *Shed v. Railroad Co., 67 Mo., 687; Crittenden county v. Crump, 25 Ark., 235; Cole v. White county, 32 Id., 445.*

But we apprehend there is no ambiguity in the statute. A conviction is defined to be "that legal proceeding of record which ascertains the guilt of the party, and upon which the sentence or judgment is founded." *Bouvier's Law Dict., title* "*Conviction.*" Bishop says it is "finding a person guilty by verdict of a jury." *1 Cr. Law, sec. 223.* Here has been but one indictment, one plea, one legal proceeding of record, one judgment, and consequently but one conviction, although several persons were included in the accusation and are affected by the proceeding and judgment. There has been but one case between the state and the defendants. The prosecuting attorney has drawn but one indictment and has represented the state at but one trial. He has rendered substantially the same service which he would have rendered if the indictment had been against one defendant. And any reasoning which allows

2. Prosecuting Attorney's fees.

him sixteen fees for performing one service, or set of services, would entitle the clerk to sixteen fees for entering the judgment.

Now, such a construction might become oppressive. Defendants who are jointly indicted and who do not sever, are liable for all the costs of the prosecution; although payment by one inures to the benefit of all. *Mansf. Dig., sec. 2339.* One of these defendants might have been able and willing to pay his fine, and the prosecuting attorney's fee of $10, and the other costs. Could he be held and hired out as a convict if he refused to pay the costs that were taxed on account of his co-defendants?

Costs in a criminal case are not intended as a part of the punishment. That object is accomplished by the infliction of fines, or imprisonment, or both. Costs are awarded in order that the state may prosecute the guilty at their own expense. *State v. Jackson, 46 Ark., 137.*

This question came before the Honorable Seymour D. Thompson, one of the judges of the St. Louis Court of Appeals, in the matter of Jerry Murphy and Jerry Spillance, on an application for the writ of *habeas corpus.* The petitioners had been jointly proceeded against for a misdemeanor, tried, convicted, and adjudged to pay a fine of $25 and costs. They paid the fine and what they were advised were all the costs, including a single fee of $5 for the prosecuting attorney. The justice of the peace had taxed a fee of $5 in respect of each defendant; and for the non-payment of the remaining $5 he issued his warrant of commitment, under which the petitioners were held. The statute of Missouri is identical with ours; and the petitioners were discharged. We have been furnished with a certified copy of the luminous and exhaustive opinion filed by the learned judge, of which we have made a liberal use in preparing this opinion.

The judgment is reversed and a re-taxation of costs is ordered in conformity to this opinion.