HEMPSTEAD COUNTY *v.* McCOLLUM.

Opinion delivered November 11, 1893.

*Prosecuting attorney—Fee for conviction of felony.*

Under an indictment joining a count for burglary with one for larceny, a verdict of guilty on both counts, followed by judgment sentencing defendant for both offenses, constitutes two convictions, within Mansf. Dig. sec. 3233, allowing a prosecuting attorney a fee of $25 for each conviction on indictment for any felony not capital.

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

*R. B. Williams*, for appellant.

*Fanning* v. *State*, 47 Ark. 442 settles this case adversely to appellee. There was but one indictment, one plea, one legal proceeding of record, one judgment, and hence but *one conviction*. There was but one case between the State and the defendant.

*Tompkins & Greeson* for appellee.

The defendant was convicted of *two* offenses, larceny and burglary, and there should have been separate sentences. Mansf. Dig. sec. 2317. 47 Ark. 442 only holds that there was *one* conviction. In this case defendant was convicted of burglary and of larceny, two distinct offenses. Defendants may be indicted separately or jointly for such offenses. Mansf. Dig. sec. 1621.

WOOD, J. This case was tried upon the following facts: "Pitt Anderson was indicted for the crimes of burglary and grand larceny. The indictment contained two counts, one for burglary and the other for grand larceny. There was but one indictment, one plea of not guilty, one trial before one jury. The jury trying the case returned into court the following verdict, to-wit: ' We, the jury, find the defendant guilty of burglary, and assess his punishment at three years in the penitentiary; and also find the defendant guilty of grand larceny, and assess his punishment at two years in the penitentiary, Jno. D. Trimble, Foreman.' And thereupon the court rendered the following judgment: ' It is therefore considered, ordered and adjudged by the court that said defendant be remanded into the custody of the sheriff of Hempstead county, and that he be conveyed by him without delay to the penitentiary house of the State of Arkansas, and there confined at hard labor for the period of five years from the 28th day of October, 1891, and that the State of Arkansas do have and recover of the said defendant all the costs of this prosecution, and have execution therefor.' " ·

Upon this state of facts, the appellee, prosecuting attorney, asked and obtained judgment for a fee for two convictions, $25 each. The county appeals.

Prosecuting attorneys are allowed a fee of $25 for each conviction on indictment for any felony not capital. Mansf. Dig. sec. 3233. Burglary and grand larceny,

though cognate in the sense that they may be joined in the same indictment, the one often following so closely upon the other as to appear to be part of the same transaction, are, nevertheless, as different in their constituent elements as murder and rape.    Wharton says: "There is no reason why, on a conviction on each count, such *convictions* should not, in all cases where the counts are for a chain of cognate offenses, be treated as would be convictions on separate indictments."    Whart. Crim. Pl. and Pr. p. 910, sec. 910.    " *Conviction* is the finding of a person guilty of an offense."    Rap. & Lawrence's Law Dic.    Bouvier's, Black's, Burrill's, Anderson's, give nothing which expresses it more succintly or more completely.    See also 1 Bish. Crim. Law, sec. 223.    It is the final consummation of every step in the procedure from the indictment to the judgment.    But it is insisted that, as there "has been but *one indictment, one plea, one legal proceeding of record, one judgment*, there is but *one conviction*, although there were two accusations, and the same person was affected by the proceeding and judgment on each accusation, which accusations, proceeding and judgment were all joint."    We confess, if the reasoning in Fanning case (47 Ark. 442) obtains, this case should be reversed, for they are analagous to the extent that there is but "one indictment, one plea, one legal proceeding of record and one judgment ; " and that was the reason which controlled the opinion, *and not that there had been only one offense committed.*    But, with the utmost deference to the court, and the learned judge who delivered the last opinion, we can but conclude that the first opinion delivered by the same judge in that case was the better one, more in accord with both the spirit and letter of our criminal jurisprudence,

and should not have been reconsidered and decided differently.*

In that case sixteen persons were indicted jointly, pleaded guilty, were fined, and a judgment rendered against *each*, but in one entry. The prosecuting attorney was allowed a fee of ten dollars in each case, and on appeal the Supreme Court first said: "There was no error in this. Sec. 3233, Mansf. Dig., allows a fee for each conviction. Each of the defendants was convicted, although all were included in the same judgment entry." The last opinion in *Fanning* v. *State* does not come properly within the doctrine of *stare decisis*. *Taliaferro* v. *Barnett*, 47 Ark. 359. No property rights have grown up under it, and we overrule it, for the reasons, 1st, that it announces an erroneous doctrine as to fees upon conviction in criminal cases, and 2nd, because it has inaugurated a method of criminal procedure which is decidedly more hurtful to follow than to overrule. We know of no vicarious principle in the criminal law as to actual offenders. Every man must answer for himself as to any act or omission for which the law has prescribed a penalty. It matters not whether alone, or in company with others, whether he be charged separately, or jointly as soon as his guilt is legally ascertained, he is a convict. The method of procedure where there is but one defendant and many offenses, or many defendants and one offense, all joined in one indictment, is adopted for considerations of convenience, and in no sense to relieve of responsibility. We think it far more in consonance with reason to say, with Judge

---

*NOTE.—In the case of *Fanning* v. *State*, referred to in the opinion in this case, a written opinion was handed down by Judge Smith on June 18, 1886, affirming the judgment of the lower court. Subsequently, and at the same term of court, this opinion was, on reconsideration, withdrawn, and a substituted opinion filed, reversing the judgment of the lower court. The first opinion was consequently not published, and the second is found in 47 Ark. 442. (Rep.).

Smith in the first opinion of *Fanning* v. *State*, that where there are sixteen defendants in one indictment and each convicted, there was but one judgment but *sixteen convictions*, than to say, with him in the last opinion, that there were sixteen defendants and each convicted, but only one judgment and one conviction. The best authors upon criminal law and procedure sustain the correctness of our position.   Wharton says: "Where two or more persons are sentenced jointly to pay a fine, each may be fined up to the full statutory limit.   That limit is not that a certain lumping sum is to be paid to the State by all the defendants together; but it is that *each* wrong-doer is to be made liable to pay such amount in full for his own *particular violation* of the law.   The fact that he is joined with others in the conviction and sentence does not lessen his liability. The same rule applies to the distribution of imprisonment.   *Each* defendant is to be *singly* sentenced according to his personal deserts.   *   *   Where several persons are jointly indicted, they should be sentenced *severally*, and the imposition of a joint fine is erroneous."   Wharton's Crim. Pl. & Pr. secs. 941, 314 ; *Straughan* v. *State*, 16 Ark. 37.   Mr. Bishop says :   "On a joint trial the *cases of all the defendants* are submitted to one jury. Treating them as *separate cases* although joined in the same indictment.   *   *   The punishment, we have seen, is to be several ; and the sentence is, in form several, not joint.   It requires each to render the full penalty, the same as though he had done the criminal act, or had been convicted, alone.   *   *   The jury should be directed to consider the question of each defendant's guilt by itself.   And the verdict of guilty should be in a form which can be construed as several ; though it will be so if it finds each guilty by name."   Bishop, Cr. Pro. vol. 1, secs. 1027, 1033, 1035, 1036, 1037.

The verdict is *several*, the sentence is *several*, the *judgment several*. Then why not the conviction *several?* Wharton says it is : "In an indictment against two or more the charge is several as well as joint, and the *conviction is several*." Wharton, Cr. Pl. & Pr. sec. 314 ; *State* v. *Brown*, 49 Vt. 437 ; *Borschenious* v. *People*, 41 Ill. 236. In the Illinois case just quoted, the statute is almost identical with ours—"for each conviction, etc." We are aware that the Missouri Court of Appeals in *Re Murphy*, 22 Mo. Ap. 476, holds to the view announced in the last opinion in *Fanning* v. *State*. Whether the reasoning in that case, or the apprehension expressed that the construction of section 2339, Mansfield's Digest, under the first decision, might lead to oppression, were the considerations moving the court to reconsider and withdraw their first opinion, we are unable to divine. But we think that the probability that one defendant might be oppressed by reason of the costs taxed up on account of other defendants in the same indictment is indeed but a probability, and a very slight one. Such a condition is most likely never to occur. When defendants are convicted, they are usually present in person, or have bondsmen to answer for them ; it is not probable that the clerk will tax more costs against any defendant than by the judgment of the court he ought to pay ; and if he does, the court, upon motion to retax, can arrange the costs in each case and against each defendant, as seems just and proper. The very language of the act shows that the costs are to be adjudged by the court against defendants convicted, who are all present in person, or have bondsmen who are responsible.

The court or prosecuting attorney, under Mansf. Dig. secs. 2216 and 2218, may sever the trial of persons jointly indicted for misdemeanor ; but the parties themselves were not granted that privilege. The parties charged in felonies may sever at their discretion. Sec. 2217, Mansf.

Dig.   Doubtless prosecuting attorneys, to lighten their own and the labor of the courts, as well as to diminish as much as possible the expenses of prosecution, joined all parties, and all offenses that could be joined, in the same indictment.    But since the decision in *Fanning* v. *State* we venture to say that the procedure has very generally been reversed.   In view of the very meager salary of two hundred dollars now allowed the district attorney, it is expected, of course, that he should look to the per- quisites following convictions for compensation.   But if he should include all parties jointly interested in felonies and misdemeanors, and all felonies which may be joined, in the same indictment, in many of the circuits, we opine, his salary would be scarcely sufficient to pay expenses around the circuit.   Hence prosecuting officers are not to be censured for drawing separate indictments.   It is, of course, immaterial to the prosecuting attorney, except as to the saving of labor, for by drawing separate indict- ments he gets the same pay as before.   But the annoy- ance to the court and expense to the county of trying a multiplicity of suits which could all be embraced in one trial is very great, and by the view we have expressed will be obviated.   We know that a mere matter of public policy cannot influence the decision of courts.   But here both sound reason and public policy demand a return to the doctrine announced in the first opinion in *Fanning* v. *State*.   There were two offenses in one indictment, a verdict of guilty as to both, and the judgment of sen- tence should have been on each count.   Sec. 2317, Mansf. Dig.   There was one judgment entry, but two convic- tions ; and the prosecuting attorney was entitled to a fee on each conviction.

Affirmed.

Mansfield, J., did not participate in this case.

BATTLE, J., (concurring.) Pitt Anderson was tried for and convicted of burglary and grand larceny on an indictment in which these offenses were joined. The prosecuting attorney, who represented the State in that cause, claims fees for two convictions. The statute, using the word "felony" in the singular and not plural number, says that he shall be allowed a fee of $25 for *each conviction* for *any felony* not capital." The only question in the case is, were there two convictions?

Ordinarily, but one offense can be charged in the same indictment. The statutes prohibit it, except in certain cases. Section 1621 of Mansfield's Digest says : "For larceny committed jointly with burglary the offender shall be held to restitution, as in other cases of larceny, and the offender may be indicted for such offenses either separately or jointly in different counts of the same indictment." Other offenses, which need not be named, can be joined. Mansfield's Digest, sec. 2109. In every case there must be separate and distinct accusations in the indictment for each offense charged, and the jury in their verdict should find him guilty or not guilty of each of them.

"If the defendant," says the statute, "is convicted of two or more offenses, the punishment of each of which is confinement, the judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the others." Mansf. Dig. sec. 2317. This statute evidently applies to cases where the same defendant is convicted of separate offenses on different indictments, or one indictment for separate offenses which can be joined (*Toliver* v. *State*, 35 Ark. 395), and obviously treats the finding the defendant guilty of each offense a conviction, without regard to the manner in which he is accused. If not, why should two judgments, or what is equivalent to two judgments, be rendered?

The statutes, in defining the penalties of different offenses, provide what punishment the offender shall suffer on conviction thereof. For instance, it says: "Whoever shall be *convicted* of burglary shall be imprisoned in the penitentiary for a period of not less than three nor more than seven years;" and "whoever shall be guilty of larceny, when the value of the property stolen exceeds the sum of ten dollars, upon *conviction* thereof, shall be punished by imprisonment in the penitentiary not less than one nor more than five years." They virtually denominate the legal ascertainment of the guilt of the defendant of each separate offense a conviction.

The statute fixing the fees of prosecuting attorneys should be construed in connection with the statutes prohibiting the joinder of more than one offense in the same indictment, and the exceptions, and prescribing how judgments on convictions of the same defendant for several offenses punishable by confinement shall be rendered. In construing it in this way, it seems to me that the word "conviction," as used in the statute fixing fees, means the legal ascertainment of the guilt of the defendant of an offense, and that the prosecuting attorney in this case is entitled to two fees, as there were two convictions.

In *Fanning* v. *State*, 47 Ark. 442, sixteen persons were indicted for one and the same offense. There was but one offense, one accusation, one trial, and but one conviction (no separate convictions), and of course the prosecuting attorney was entitled to a fee for only one conviction. That case is unlike this, and I think the opinion of the court therein is correct.

I concur with the court in the conclusion it has reached in this case, but not in the premises on which it is based.