## CROOK *v.* STATE.

### Opinion delivered June 23, 1894.

*Indictment—Joinder of offenses.*

> The offenses of burglary and larceny cannot be joined in one indictment, under Cr. Code, secs. 125-6.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*F. T. Vaughan* for appellant.

'Sec. 1621, Mansf. Dig., is clearly repealed by Cr. Code. See Mansf. Dig. secs. 2108-9. The legislature undertook to cover the whole ground, and all inconsistent statutes are repealed. 10 Ark. 590; 24 *id.* 479; 27 *id.* 418; 30 *id.* 560; 31 *id.* 17; 33 *id.* 316; 41 *id.* 152; 47 *id.* 491; 48 *id.* 354; Endl. Int. Stat. sec. 182, note 6 and 4, also secs. 187-196, 199, note (c) and note A and C, also secs. 200-1-2-6-8, 216, and 241, etc.; Bish. St. Cr. sec. 159; 33 Ark. 316; 57 *id.* 508.

*James P. Clarke,* Attorney General, and *Charles T. Coleman* for appellee.

1. There are some exceptions to the rule laid down in 10 Ark. 591. Where the legislature did not *intend* a repeal, it will not be so held. Smith's Com. sec. 788; 47 N. Y. 330.

2. The judicial interpretation put upon a statute becomes part of it and should not be changed. Our court has held that the two offenses may be joined. 33

Ark. 517; 35 *id.* 395; 37 *id.* 370. *Expressio unius*, etc., is too general and subject to too many exceptions to govern in the construction of criminal statutes. 7 La. An. 379.

BATTLE, J. Appellant was charged with burglary and larceny in one indictment. He demurred to the indictment, because he was accused of two offenses. His demurrer was overruled, and he was tried and convicted of both charges.

The only question in the case is, can larceny, when committed jointly with burglary, be charged by different counts in the same indictment?

Section 5 of article two in chapter 44 of the Revised Statutes is as follows: "For larceny committed jointly with burglary the offender shall be held to restitution, as in other cases of larceny, and the offender may be indicted for such offenses either separately or jointly in different counts of the same indictment."

Section 125 of the Code of Practice in Criminal Cases, which was enacted subsequently to the Revised Statutes, provides: "An indictment, *except in cases mentioned in the next section*, must charge but *one* offense, but, if it may have been committed in different modes, and by different means, the indictment may allege the modes and means in the alternative." And section 126, the next section, says: "The offense named in each of the subdivisions of this section may be charged in one indictment:

*First.* Larceny and knowingly receiving stolen property.

*Second.* Larceny and obtaining money or property on false pretense.

*Third.* Larceny and embezzlement.

*Fourth.* Robbery and burglary.

*Fifth.* Robbery and an assault with intent to rob.

*Sixth.* Passing, or attempting to pass, counterfeit money or bank notes, knowing them to be such, and having in possession counterfeit money or bank notes, knowing them to be such, with the intention of circulating the same.''

The effect of these two sections of the Code was the repeal of section five of article two in chapter forty-four of the Revised Statutes. But, notwithstanding this repeal, section five was brought forward and made section 1351 of Gantt's Digest; and this court has held, in *Dodd* v. *State*, 33 Ark. 517, *Toliver* v. *State*, 35 Ark. 395, and *Watkins* v. *State*, 37 Ark. 370, that ''burglary and grand larceny, if the one was connected with the other, might be charged in one indictment,'' and cited section 1351 of Gantt's Digest to sustain its decision. No mention is made in these cases of sections 125 and 126 of the Code. The court was doubtless misled by Gantt's Digest.

The cases of *Dodd* v. *State*, *Tolliver* v. *State* and *Watkins* v. *State*, so far as they are inconsistent with this opinion, are overruled.

The judgment of the circuit court is reversed, and the cause is remanded with instructions to the court to sustain the demurrer, and for proceedings consistent with this opinion.