Goad v. State.

Opinion delivered January 7, 1905.

"Blind Tiger" Cases—Fee of Deputy Prosecuting Attorney.—Under the act of March 16, 1895, page, 49, fixing the fee of prosecuting attorneys in "blind tiger" cases, when present and prosecuting either in the circuit court or justice's court, at $25 for each conviction, and the act of April 9, 1895, page 106, section 3, allowing to a deputy prosecuting attorney the same fees for prosecuting such cases in a justice's court as are allowed in the circuit court, a deputy prosecuting attorney who prosecuted a "blind tiger" case in a justice's

court is entitled to a fee of $25, although the case was appealed to the circuit court, and the prosecuting attorney was there entitled to a fee of $25 for securing a conviction in the higher court.

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Motion to retax costs denied. The opinion on the original hearing is omitted, as it consists merely of a discussion of the evidence.

STATEMENT BY THE COURT.

At a former day of this term a judgment convicting appellant of violating the "blind tiger act" was affirmed.

Appellant now moves to have the clerk retax costs and eliminate the fee of $25 for the deputy prosecuting attorney. The question is, where the deputy prosecuting attorney has prosecuted the defendant in a "blind tiger" case before a justice of the peace and secured a conviction, will he be allowed a fee of $25, to be taxed as a part of the costs, where the defendant, after conviction before the justice, appealed to the circuit court, and was there convicted? Shall appellant, in such case, pay a fee of $25 for the deputy prosecuting attorney, in addition to a fee of $25 for the prosecuting attorney?

The act of March 16, 1895, p. 49, fixed the fees of the prosecuting attorney, when present and prosecuting either in the circuit or justice court in "blind tiger" cases, at $25 for each conviction. The act of April 9, 1895, p. 106, provides: Section 1. "That the prosecuting attorneys in the several judicial

---

"4. If you find from the evidence, that defendant gave or sent to said Nela Burris medicine or drugs with the intent to cause an abortion or premature delivery, but that at the time he gave her the same said Nela Burris had arrived at the period of quickening, you should acquit the defendant, as the statute applies only to cases in which the woman has not come to the period of quickening."

Also at appellant's request the court charged the jury as follows:

"5. Although the jury may believe from the testimony that the defendant did administer and prescribe drugs and medicines to the prosecuting witness, Nela Burris, with the felonious intent at the time, to produce or procure an abortion upon her, then, before you can convict defendant under this charge, you must further find from the testimony, and that, too, beyond a reasonable doubt, that at the time such drugs and medicine were so administered by defendant the prosecuting witness had not yet become quick with child."—(Rep.)

circuits of this State may appoint one deputy in each of the several counties composing their circuit; *Provided,* that such appointment shall not take effect until approved in writing by the judge of the circuit court of such circuit. * * * Such deputy prosecuting attorney shall, without fee or charge, assist any magistrate in his county in the examination of any felony case which may be brought before him." Section 2 provides: "The deputy prosecuting attorney provided for in section 1 of this act shall have authority to file with any justice of the peace in his county information charging any person with * * * violation of the blind tiger act, whereupon it shall be the duty of the justice of the peace to issue a warrant for the arrest of such offender," etc. Section 3. "That whenever any person shall have been arrested under a warrant issued in accordance with the preceding section, and shall plead not guilty, and demand a trial on the charge therein, it shall be the duty of the deputy prosecuting attorney to attend and prosecute such charge on behalf of the State, and, in the event of a conviction, he shall be allowed the same fees as are now allowed in similar cases in the circuit court."

Section 4 provides: "In any criminal action pending before any justice's court, where the defendant is charged with any offense mentioned in section 2 of this act by affidavit or otherwise, and shall plead not guilty, and shall secure the services of an attorney to represent him on the trial, it shall be the duty of the justice to cause the prosecuting attorney, or deputy for such county, to be notified of the nature of the charge, and the time and place of the trial, and such prosecuting attorney shall attend and prosecute in behalf of the State, and in case of conviction shall be allowed the same fee as is now allowed for similar cases in the circuit court. And that no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the case, nor shall any court tax any fee where such officer does not appear and personally prosecute."

*Ben Isbell,* for appellant.

*George W. Murphy, Attorney General,* for appellee.

WOOD, J., (after stating the facts.)   Construing these acts together, we are of the opinion that the deputy prosecuting attorney, when present prosecuting before the justice, is entitled to a fee of $25 in case of conviction.   Section 3 of the act of April 9, 1895, *supra,* indicates a purpose upon the part of the Legislature to provide specifically for a fee for the deputy prosecuting attorney in case of a conviction before the justice when he is present prosecuting.   And we do not think he can be deprived of this fee because the defendant appeals to the circuit court. This is the only compensation contemplated for the deputy prosecuting attorney.     He is to be paid by the defendant in case of conviction, not by the State or the prosecuting attorney. But if the simple matter of appeal to the circuit court would operate to cut off his fee in case defendant was convicted in the circuit court, and because the prosecuting attorney was there also allowed a fee, then, indeed, would the matter of compensation for his services hang upon a slender thread. But where the defendant is convicted before the justice, this conviction is not annulled or set aside unless on appeal to the circuit court he is acquitted.   For if he is convicted before the circuit court and on appeal to this court that conviction is affirmed, the defendant has been convicted on a charge that originated before the justice.

The prosecuting attorney in case of conviction before the circuit court is also allowed a fee of $25.   But there is nothing in the act to warrant the construction that in such case only the fee of the prosecuting attorney is to be allowed.   On the contrary, the purpose seems to have been in the particular offense named to allow a fee for the deputy prosecuting attorney for conviction before the justice, and also to the prosecuting attorney for conviction before the circuit court.

The double fee allowed the prosecuting officers in such cases was designed and operates as part of the punishment.

The motion to retax is therefore overruled.