## Monk *v*. State.

### Opinion Delivered September 30, 1912.

1. BURGLARY—INTENT TO COMMIT GRAND LARCENY—EVIDENCE.—Under an indictment for burglary alleging a burglarious entry with intent to commit grand larceny, a conviction will be sustained by proof tending to establish that the house was entered with intent to commit grand larceny, though the property taken turned out to be worth less than $10 in value. (Page 13.)

2. LARCENY—ALLEGATION OF OWNERSHIP.—An indictment for larceny of the property of one M. is sustained by proof that the property belong to M.'s wife, but was in his exclusive possession. (Page 13.)

3. CRIMINAL LAW—JOINDER OF OFFENSES.—While the charge of petit larceny can not be joined with a separate count for burglary, under Kirby's Digest, § 2231, providing that burglary and grand larceny may be joined in the same indictment, where the two latter charges are joined, there is nothing to prevent the jury from finding the defendant guilty of petit larceny. (Page 13.)

4. EVIDENCE—INCRIMINATING LETTER—IDENTIFICATION.—It was not error to admit in evidence an incriminating letter which purported to have been written by defendant and was sealed up in an envelope addressed by him. (Page 15.)

5. INSTRUCTION—REPUTATION OF ACCUSED.—An instruction that the reputation of the defendant should not be considered for any purpose except as to his credibility as a witness was properly refused where the State introduced no proof attacking his character, although the defendant voluntarily testified that he had served a term in the penitentiary. (Page 15.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea*, Judge; affirmed.

*Appellant, pro se.*

*Hal. L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

McCULLOCH, C. J.    The  grand jury of Pulaski County returned an indictment against the defendant, Clifton Monk, and one Davis, containing two counts, charging, respectively, the crimes of burglary and grand larceny.    The  charge is that they burglariously entered the dwelling house in the city of Little Rock of one E. G. Marlin with the intent to steal the latter's property, and that they did steal a watch and a fob of the value of $25, the property of E. G. Marlin.    The defendant was tried separately, and the jury convicted him of burglary under the first count and of petty larceny under the second count.

The proof tended to show that Davis entered the house of Marlin in the night time, and that while in the house he stole a watch and fob; that Davis and the defendant were acting together in the commission of the burglary, and that defendant stood watch at the gate while Davis entered the house.    The proof also tended to show that Davis gave the watch and fob to defendant.

The evidence is sufficient, we think, to sustain the finding of the jury.    The proof adduced by the State tended to establish the value of the watch and fob in excess of the sum of $10, but the jury gave defendant the benefit of all doubts on that point and convicted him of petit larceny.    The circumstances, however, warranted the inference that the house was entered by Davis with intent to commit grand larceny, and therefore warranted the conviction of burglary, even though it turned out that the property he took was of less than $10 in value.    *Harvick* v. *State*, 49 Ark. 514.

It is insisted, however, that, according to the undisputed evidence, the watch and fob were the property of Marlin's wife, and that there was a variance between the allegations and the proof on that point.    Mrs. Marlin testified that her husband purchased the watch and fob and gave them to her; that she gave them to him for safe-keeping, and that he had not returned them to her, but that when the articles were stolen they were under the pillow of the bed occupied by them both.    Marlin testified that the watch and fob belonged to

his wife, but that she had turned them over to him for safe-keeping, and that he had not returned them to her at the time the larceny was committed. We are of the opinion that the proof justified the finding that the property was in the exclusive possession of Marlin, and this was sufficient for the ownership to be laid in him.

There is another question not raised by counsel which has, however, given us some concern, and that is whether the defendant could be, under this indictment, convicted of petit larceny. The statute provides that burglary and grand larceny may be charged in one indictment. Kirby's Digest, § 2231. It does not provide that petit larceny may be joined in an indictment for burglary, and it is worthy of notice that in other subdivisions of the same section, providing for the joining of larceny with other offenses, it is not restricted to grand larceny but to the crime of larceny generally. Prior to the year 1901 there was no authority for joining burglary and larceny in the same indictment, and this court held that they could not be joined. *Crook* v. *State*, 59 Ark. 326. But the General Assembly of that year amended the statute so as to allow burglary and grand larceny to be charged in the same indictment. From an early day it has been held that, "upon an indictment for a felony, the accused may be convicted of a misdemeanor, where both offenses belong to the same generic class, where the commission of the higher may involve the commission of the lower offense, and where the indictment for the higher offense contains all the substantive allegations necessary to let in proof of the misdemeanor." *Cameron* v. *State*, 13 Ark. 712. It seems clear that, under the language of the statute, the charge of petit larceny can not be embraced in a separate count of an indictment for burglary, as the statute plainly provides only that the crime of grand larceny may be embraced therein. But there is no reason to believe that the Legislature meant to change the rule announced in the Cameron case, *supra*, so long adhered to, so as to prevent a conviction for petit larceny under a count for grand larceny contained in an indictment charging burglary also. The lawmakers evidently meant to provide for the joining of the two offenses in one indictment, so that, according to the rule

already established, there might be a conviction of any lower offense embraced in the charge named.

The defendant denied that he was with Davis that night or that he participated in the burglary, and undertook to establish an alibi. He stated that he slept with one Burt that night in a room in a certain office building. The State was permitted to introduce in evidence, over defendant's objection, a letter purporting to have been written by him to Burt in which he requested the latter to testify that he (the defendant) slept with Burt throughout the night. The letter has a clear tendency to establish an attempt to induce Burt to swear falsely, and constituted a strong circumstance tending to show such conduct on the part of the defendant as indicates guilt of the crime charged against him. His name was signed to the letter, but he denied that he wrote it, or that it was in his handwriting, and the State made no effort to identify the handwriting as his. The letter was taken by the officers from a discharged prisoner who had been occupying the jail with the defendant, and it was in a sealed envelope addressed in defendant's handwriting. He admitted that he addressed the envelope, but testified that when it left his hands it contained another letter which he gave to his fellow-prisoner to mail for him. The court allowed the letter to be read to the jury with instructions to the effect that they should not consider it unless they found that it was written, or authorized to be written, by the defendant. It is true that the authenticity of the letter was not traced directly to the defendant himself, but it was sealed up in an envelope which was addressed by him, and the circumstances, we think, warranted the submission of the question to the jury whether or not he had written the letter or authorized it to be written.

It is argued that the case should be reversed because the court refused to give the following instruction at defendant's request:

"The court instructs the jury that the reputation of the defendant shall not be considered by you for any purpose except as to his credibility as a witness. You can not convict the defendant of the crime of grand larceny on proof that he is or has been guilty of some other offense."

The State did not introduce any testimony directly

attacking the reputation of the defendant; therefore, the instruction was not called for, It is true that it was incidentally developed in the testimony that defendant and his brother and Marlin, the prosecuting witness, had all served together in the penitentiary; but this testimony came out unsought and merely as an incident to the answer of one of the witnesses. In fact, the defendant himself testified that he had been in the penitentiary with Marlin in order to establish the fact that he and Marlin had engaged in some kind of a difficulty while in prison together, and to show that Marlin was prejudiced against him and was testifying falsely in the case. We do not think that the circumstances under which the fact of defendant having been in the penitentiary was drawn out made it necessary to admonish the jury not to consider it in determining defendant's guilt or innocence, and he was not prejudiced by the court's refusal to give the instruction on that subject. In fact, the instruction which he asked was not directed to that particular fact, but dealt with the matter of the defendant's reputation, and there was no evidence adduced on that point at all.

Judgment affirmed.