## ASHCRAFT v. STATE.

Opinion delivered December 22, 1919.

PROSECUTING ATTORNEY—FEE ON AFFIRMANCE.—Where thirty defendants were separately indicted for the same offense, and by consent were tried together, and one judgment of conviction entered, and an appeal prosecuted to the Supreme Court and affirmed, the prosecuting attorney is entitled to a single fee of twenty dollars only on such affirmance, and not to a separate fee for each of the convictions.

Appeal from Perry Circuit Court; *Guy Fulk,* Judge; *Geo. W. Emerson,* prosecuting attorney, for the motion; *C. C. Reid, contra;* motion denied.

PER CURIAM. There were thirty defendants indicted separately for the same offense, but by consent they were tried together, and there was one judgment of conviction against all of the defendants. An appeal was prosecuted to this court and the judgment against all of the defendants was affirmed. The statute reads as follows:

"Upon the affirmance of a judgment on the appeal of the defendants, an attorney's fee of twenty dollars, to be paid to the prosecuting attorney, shall be taxed as part of the costs of the appeal, and upon the reversal of a judgment upon an appeal by the plaintiff, a fee of five dollars." Kirby's Digest, section 2620.

The clerk of this court taxed as cost one fee of twenty dollars, and the prosecuting attorney moves the court for a retaxation of cost so as to allow a separate fee of twenty dollars on each of the convictions.

The reliance of the prosecuting officer in his contention for a separate fee for each conviction is on the decision of this court in the case of *Hempstead County* v. *McCollum,* 58 Ark. 159, where the court construed the statute (Kirby's Digest, section 3488) allowing prosecuting attorneys a fee "for each conviction on indictment for felony," and holding that on joint indictments against several defendants tried together, and on an indictment against a single defendant charging more than one offense, the prosecuting attorney is entitled to a separate fee on each conviction.

The two statutes relate to different subjects, and are open to different interpretations.

Section 3488 relates to fee of a prosecuting attorney on each conviction in criminal prosecutions.

Section 2620 relates to fees taxed upon affirmance of judgments in misdemeanor cases in the Supreme Court. One is allowed as compensation for service in procuring each conviction in a criminal case, and the other is allowed as a docket fee on each judgment. The gist of the decision in the McCollum cases, *supra,* was that, while there was but one judgment, there was more than one conviction within the meaning of the statute, and that the prosecuting officer was allowed, under the statute, a fee on each of the convictions, regardless of the fact that there was only one judgment in the case. In the opinion the court quoted Prof. Wharton as follows:

"In an indictment against two or more the charge is several as well as joint, and the conviction is several." Wharton Cr. Pl. & Pr., sec. 314.

The case and the applicable statute is entirely different where there is only one judgment of affirmance, though it embraces several convictions. The prosecuting attorney is not required to follow up appeals in criminal cases and services performed in that regard are voluntary. The Attorney General alone is required to represent the State in causes pending in the Supreme Court. Kirby's Digest, sections 3462, 3463. But the statute allows the prosecuting attorneys a docket fee on each judgment of affirmance in misdemeanor cases in the Supreme Court. This is not for services performed, for, as before stated, none are required of that officer.

It is not material that in the present case the indictments against the defendants were separate. The cases were tried together by consent, and only one judgment was rendered, and there was only one judgment of affirmance. The taxation of a single fee for the judgment of affirmance is against all of the defendants jointly and severally. Only one fee can be imposed, but it may be collected from either of the defendants at the election of the State, or it may be apportioned against all of them, as the State may elect. The fact that each conviction is separate does not affect the question of allowance of a single fee for the affirmance.

Motion overruled.