HOLT *v.* STATE.

Opinion delivered May 10, 1926.

1. CRIMINAL LAW—HARMLESS ERROR.—On a trial for grand larceny, refusal of the court to require the sheriff to return money taken from defendant's person at the time of his arrest was not prejudicial where he was represented at the trial by counsel of his own selection.

2. CRIMINAL LAW—PLACING ACCUSED IN PENITENTIARY.—An order directing the sheriff to place the accused in the penitentiary for safe-keeping with instructions to the keeper not to permit any one to visit accused except his attorneys without an order from the sheriff *held* not prejudicial.

3. CRIMINAL LAW—RESETTING CASE IN DEFENDANT'S ABSENCE.—The resetting of a felony case is not such a substantive step in the trial of a case as requires the presence of the accused when it is made; and where it appears that accused was granted a further postponement of the case, no prejudice could have resulted from resetting the case in his absence.

4. CRIMINAL LAW—ADMISSIBILITY OF STATEMENTS BY ACCUSED'S WIFE.—Statements made by accused's wife in his presence, made at the time both were arrested on the charge for which accused was tried, with reference to her taking a package which he handed her, was admissible.

5. LARCENY—ALLEGATION OF OWNERSHIP.—An indictment for larceny in taking the property of S. is sustained by proof that it belonged to S. and wife jointly, but was in the exclusive possession of S.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*C. Floyd Huff,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J.    Bob Holt was indicted and convicted of
the crime of grand larceny.    The indictment charged that
he, in the county of Garland and State of Arkansas, in
March, 1925, did feloniously steal, take and carry away
the sum of $55,000 in gold, silver and paper money, the
property of one Pete Sirbu.    He was sentenced by judg-
ment of the court to imprisonment in the State Peniten-
tiary for a period of five years, from which judgment is
this appeal.

1.    Upon the arrest of the appellant there was taken
from his person certain jewelry and other personal prop-
erty and the sum of $147.    Before his trial, and while the
appellant was incarcerated in the Garland County jail,
and before his case was set for trial, he moved the court
to require the sheriff to return to him the money taken
from his person at the time of his arrest.    The court
refused, and appellant makes this a ground of his motion
for a new trial.    There was no error in the court's ruling.
The record does not show that the appellant was prej-
udiced in the trial of the cause by reason of this ruling of
the court.    It does not appear that the appellant, because
of such ruling, was not represented at the trial by counsel
of his own selection, for, although the attorney who
appeared for him and made the motion, notified the court
that he desired to withdraw from the defense of the appel-
lant after the motion was overruled, nevertheless the
court appointed the same counsel appellant had employed,
to represent him, and appellant was so represented at
the trial.

Therefore, since the ruling could not have prejudiced
appellant on the merits of the cause, it does not constitute
grounds for reversal of the judgment.    The court can only
reverse for errors of the trial court prejudicial to the
rights of the appellant on the trial of the merits of the
cause.

2.    It is next contended that the court erred in direct-
ing the sheriff of Garland County to deliver the appellant
to the warden of the State Penitentiary for safekeeping
from November 18, 1925, to January 24, 1926.    But it

appears from an agreed statement of facts set forth in the record that, at the time the court ordered the sheriff to deliver the appellant to the warden of the State Penitentiary for safekeeping, the prosecuting attorney represented to the court that the facilities for safekeeping of the appellant in Garland County were faulty. Thereupon the court made the order, with directions to the keeper of the State Penitentiary not to allow any one to visit the appellant except his attorneys without order from the sheriff of the county. Since the appellant, by this order of the court, was not deprived of his constitutional right to confer with his counsel, appellant was in no manner prejudiced by the ruling of the court directing his incarceration in the State Penitentiary for safekeeping until such time as his trial might be had.

3. In the agreed statement of facts set forth in the bill of exceptions, it is shown that "shortly after the appellant's case had been set for December 2, 1925, the circuit court was advised by the prosecuting attorney that it would be impossible for the State's witnesses to be in Hot Springs on that date, and said cause was continued for resetting, and defendant's attorney was notified thereof; that, prior to said continuance, C. Floyd Huff, as attorney for the defendant, was notified by the prosecuting attorney of the names of the witnesses to be used by the State of Arkansas in the prosecution of the indictment for grand larceny, and was further advised that, if there were any witnesses whose testimony he desired taken, the State of Arkansas was ready at any time to cross any interrogatories that he might propound; that on the date of the first setting of said case for trial in the circuit court, to-wit, the 2d day of December, 1925, for the reasons above set forth by the State of Arkansas for a continuance and resetting, the court held no session on that date; that thereafter, on the 11th day of January, 1926, the circuit court, in the absence of C. Floyd Huff, his attorney, set the trial of this defendant for the 25th day of January, 1926, and immediately served notice thereof upon his attorney, C. Floyd Huff, of the setting of said

case for trial, and the defendant at the time was in the walls of the State Penitentiary at Little Rock, Arkansas, where he remained until the night of January 24, 1926, as above stated.''

The appellant contends that the resetting of his case on the 11th day of January, while appellant was in the penitentiary, without notice to him of the action of the court, and without his presence or the presence of his attorney, was a substantive step in the cause, and deprived him of a constitutional right. But we are convinced that the change in the date set for the trial, as evidenced by the above recital of the record, did not result in any prejudice to the rights of the appellant. The date set for appellant's trial was changed from December 2, 1925, to January 25, 1926, thus giving the appellant more time to prepare for his trial. Nevertheless, appellant, on the latter date, moved for a further postponement of the trial. Therefore it clearly appears that appellant could not have been prejudiced by the postponement of the trial from December 2, 1925, to January 25, 1926, as appellant was still asking for further time. The setting and resetting of cases are mere preliminary steps for the trial. They are not substantive steps that require the presence of the defendant and his counsel and such steps as necessarily result in his prejudice. In order to constitute prejudicial and therefore reversible error, it would be necessary to show affirmatively that the appellant's rights were in some manner prejudiced by the resetting of his case. In the case of *Mabry* v. *State,* 50 Ark. 492-498, we said: ''We do not depart from the rule that the probability of prejudice by an order made in the absence of a defendant prosecuted for a felony is all that need be shown to reverse a judgment of conviction (*Bearden* v. *State,* 44 Ark. 331, and cases cited), but adhere to its corollary, that we will not reverse for that cause when it is plain the defendant has lost no advantage by his absence.''

The above recitals of the record plainly show that the appellant lost no advantage by the postponement of

his cause from December 2, 1925, to January 25, 1926, but, on the contrary, it appears, from appellant's act moving for a further postponement, that the ruling of the court in resetting the cause was to appellant's advantage rather than to his prejudice.

4. Garland Van Sickle, one of the officers who went to Detroit after appellant and his wife, after they had been indicted and arrested for grand larceny, testified that appellant's wife, in appellant's presence, stated that they knew the laws of Arkansas, and that ''any time your husband hands you anything you have got to take it.'' She stated she had the package rolled up in a newspaper; that her husband gave her the package, and she took it and got in a taxicab and went to her apartment. She did not state what was in the package. Witness asked them, when they were sitting there in the little room, how they got out of Hot Springs, and one of the two spoke up and said, ''We left in a hurry—we left our dinner cooking—we left a chicken cooking.'' They said they drove the sedan car to Hope, and took the train there. The statements of appellant's wife in the presence of appellant were not in the nature of testimony of a wife against a husband. In the recent case of *Stotts* v. *State*, 170 Ark. 188, we said: ''What the appellant's wife said under the circumstances was not in the nature of testimony against her husband, but what was said and done by her was the same as if it had been said and done by some other person.'' That case rules this. The court did not err in admitting the testimony.

5. The appellant asked the court to instruct the jury as follows: ''The court instructs the jury that, if you find from the evidence that the money alleged in the indictment as having been stolen from the prosecuting witness, Sirbu, was not the money of said Sirbu, but was the joint money of Peter Sirbu and his wife, Mary Sirbu, then you will find the defendant not guilty.'' The court refused this prayer, but gave the following: ''The indictment alleges that the property obtained by the defendant in this case was the property of the prosecut-

ing witness, Peter Sirbu; if you find from the evidence that the money alleged to have been taken was the joint property of Peter Sirbu and his wife, or that a part of the property taken was the property of the wife of Peter Sirbu, the proof of ownership in Peter Sirbu of the property alleged to have been taken will be sufficient, if you find from the evidence that, at the time said money was taken, the witness, Peter Sirbu, had the possession thereof, and the right to its exclusive use and control.'' The court did not err in refusing appellant's prayer, which was not an accurate statement of the law applicable to the facts of this record. The instruction which the court gave was a correct declaration of law applicable to the facts. Sirbu testified that the money which his wife brought from Ohio was deposited in her name, but belonged to them both, and either could draw it out. When his wife arrived with the money he counted it, wrapped it in a newspaper, and put it in his handbag, and later gave it to Hall and Franklin at the Hatterie Hotel. The appellant went under the name of Hall. The testimony was therefore sufficient to warrant the jury in finding that the money was in the exclusive possession and control of Sirbu at the time it was stolen by appellant. *Monk* v. *State,* 105 Ark. 12; Joyce on Indictments, page 489, § 427.

There are no reversible errors in the record, and the judgment is therefore affirmed.