St. Louis-San Francisco Railway Company *v.* State.

Opinion delivered April 20, 1931.

734

E. T. Miller, E. L. Westbrooke, Jr., and E. L. West-brooke, for appellant.

Hal L. Norwood, Attorney General, Pat Mehaffy, Assistant, Hugh U. Williamson, Pace & Davis, and Tom W. Campbell, for appellee.

KIRBY, J., (after stating the facts). The statutes providing fees for prosecuting attorneys in misdemeanor cases read as follows:

"Prosecuting attorneys, when present and prosecuting cases, either in person, or by his deputy in justice court:

For each judgment obtained on complaint, information or otherwise, in the name of the State or any county...............................................................................$ 5

For each conviction on indictment, presentment or information for misdemeanor or breach of the peace ...........................................................................................$10

\* \* \* Prosecuting attorney shall be entitled to the same fees for prosecuting in cases of misdemeanors before justices of the peace as in the circuit court." Section 4571, Crawford & Moses' Digest.

"Upon the affirmance of a judgment on the appeal of the defendant, an attorney's fee of twenty dollars to be paid to the prosecuting attorney shall be taxed as part of the costs of the appeal." Section 3429, Crawford & Moses' Digest.

The statutes also provide for consolidation of causes of action, rules concerning the proceedings therein and the costs to be recovered. Sections 1080-81 and -82, Crawford & Moses' Digest.

It is conceded that the prosecuting attorney is entitled to a fee of $10 in each of the two hundred cases filed in the justice court, although they were consolidated and disposed of at one hearing. It is insisted, however, that on appeal to the circuit court the cases were regularly consolidated, and that the prosecuting attorney, if entitled to any fee for the prosecution at all, was only entitled to a fee of $10 as for the prosecution of one case. The circuit court found, however, that the appeals had been taken and transcripts in each of the 200 cases filed and separately docketed in the circuit court, and the majority is of opinion that within the authority of *Goad v. State,* 73 Ark. 458, 84 S. W. 638, the prosecuting attorney was entitled to a fee of $10 for his services in each of such cases there. It is true that in that case the prosecution was begun by the deputy in filing information in

the justice court, but necessarily he was acting as the representative of and for the prosecuting attorney, and the court in affirming that case held that the double fee allowed the prosecuting officers in such cases was designed and operated as a part of the punishment. No error was therefore committed in overruling the motion to retax the costs in the circuit court.

Appellant's contention that the court erred in taxing any but one fee of $20 for the prosecuting attorney upon the affirmance of the judgment upon the appeal of the case to the Supreme Court must be sustained. The cases in the circuit court could be consolidated for trial under the statute, and this was done, as appears from the judgment therein, which recites that the defendant prayed an appeal to the Supreme Court, which was granted, and "this cause having been heard with like causes, all of which are identical with the informations filed in this case, it is by the court further ordered that but one bill of exceptions be prepared, presented and filed herein." In accordance with this direction, but one case was appealed, and one transcript filed in the Supreme Court and one judgment of affirmance upon the appeal made in *St. Louis-San Francisco Railway Co.* v. *State, supra*. The statute only authorized the taxation of one fee of $20 to be paid to the prosecuting attorney as part of the costs upon the affirmance of such judgment on appeal. The statutes have been so construed in the *per curiam* opinion by our own court in *Ashcraft* v. *State*, 141 Ark. 361, 222 S. W. 326, where the prosecuting attorney was held entitled to a single fee upon the affirmance of a judgment in the Supreme Court, and not to a separate fee for each of the convictions in the judgment affirmed.

It is strongly urged that the construction of the statute by the court in said opinion was wrong, and the case should be overruled; but, as said there, the prosecuting attorney is not required to follow up appeals in criminal cases and services performed in that regard are

voluntary, the Attorney General alone being required to represent the State in causes pending in the Supreme Court; and the statute only allows the prosecuting attorneys a docket fee on each judgment of affirmance of misdemeanor cases in the Supreme Court not for services performed, however, since none are required of that officer.

We do not review cases cited from other jurisdictions construing similar statutes, our own court having construed the statute under consideration, without regard to whether another or different construction should have been placed upon it, and we decline to reconsider the matter, finding no sufficient justification therefor.

It follows that the court erred in not granting the motion to retax the costs to the allowance of only one fee of $20 for the prosecuting attorney for the judgment of affirmance in the Supreme Court, and its erroneous judgment allowing a fee of $20 in 200 cases must be modified accordingly and as modified will be affirmed. It is so ordered.

Justices HUMPHREYS, MEHAFFY and McHANEY dissent as to modification.