### PEAY *v.* PULASKI COUNTY.

### Opinion delivered April 22, 1912.

1. TIME—RULE FOR COMPUTATION OF.—The rule for computing time in statutes of limitations in this State is to exclude the first and include the last day. (Page 607.)

2. ABATEMENT AND REVIVAL—LIMITATION.—Under Kirby's Digest, section 6312, providing that an order of revival against the personal representative can not be made, unless by consent until after six months from the qualification of such representative, and section 6313, *Id.*, providing that an order of revivor shall not be made without the consent of such representative "unless in one year from the time it could have been first made," the requirement as to the time of applying for revival is mandatory. (Page 607.)

3. STATE—WHEN NOT A PARTY TO SUIT.—A suit by a county upon the bond of a contractor given for the hire of county convicts, brought for the benefit of officers and witnesses who had earned fees in the prosecution of the convicts hired out under the contract, is not a suit by the State, though the bond was executed to the State, the officers and witnesses being the real parties in interest.    (Page 609.)

4. COSTS—CONSTRUCTION OF STATUTES.—Statutes regulating costs or fees of officers are to be strictly construed.    (Page 610.)

5. PROSECUTING ATTORNEY—FEES.—Under Kirby's Digest, sections 3438, 6387-90, providing for fees of the prosecuting attorney or his deputy only when they are personally present and prosecuting, a prosecuting attorney or his deputy can not collect from a county contractor fees in a case where he was not personally present and prosecuting.    (Page 609.)

6. CONVICTS—VALIDITY OF CONTRACT HIRING OUT.—Contracts hiring out county prisoners, by which the contractor was to pay unauthorized and illegal fees, are absolutely void and unenforceable.    (Page 611.)

7. MUNICIPAL CORPORATIONS—VALIDITY OF ORDINANCE.—Under Kirby's Digest, section 5634, providing that in cases of conviction before the police court, the like fees and costs shall be allowed as in similar cases before justices of the peace, * * * and all fines imposed in the police court shall be paid into the city treasury," *held* that a city ordinance providing a different method of collection for the fines and costs arising under the above section would be inconsistent therewith and invalid.    (Page 611.)

8. PROSECUTING ATTORNEY—FEES.—No fee is allowed the prosecuting attorney in prosecutions for vagrancy.    (Page 612.)

9. CONVICTS—CONTRACT FOR HIRING OUT—VALIDITY.—In the absence of statutory authority to hire out persons convicted by the police court for vagrancy, a contract between the county court and a contractor which provided for hiring out persons convicted of vagrancy in the police court is without authority and void.    (Page 612.)

10. SAME—LIABILITY OF CONTRACTOR SUBLETTING SAME.—Where a county contractor, with consent of the county judge, sublet his contract to another, he will be liable for fees that accrued after the contract was sublet.    (Page 612.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

### STATEMENT BY THE COURT.

Nick Peay entered into contracts with Pulaski County by which the latter hired to him the county prisoners for the years 1903 and 1904, in consideration that Peay would pay to Pulaski County all costs of conviction of such prisoners

during the period covered by the contracts. Peay executed bonds with R. A. Furth as surety for the due performance of the contracts. This suit was brought by Pulaski County for the benefit of the officers who were entitled to fees as costs in the conviction of the prisoners hired to Peay and for witness fees.

The complaint alleged that the plaintiff had delivered to the defendant Peay all of the prisoners during the period mentioned in the contracts, and alleged that the defendant Peay had failed to pay the costs incurred in the conviction and commitment of the prisoners, naming them, and that he was due, under the contracts, sums aggregating $6,295.25, for which it prayed judgment against Peay and Furth, the surety on his bond. The contracts and bond and lists of the prisoners hired to Peay were attached and made exhibits to the complaint.

The suit was begun August 18, 1904,. in the circuit court, and was transferred to the chancery court.

The defendants answered, alleging that the costs taxed for the prosecuting attorney were never earned by him or his deputy, because neither was present to prosecute any one of the convicts. They denied that they were liable for the costs of convicting vagrants; and denied that they were liable for the fees alleged to have been earned by justices of the peace; and denied that they were liable for the witness fees; and also for other officers' fees, and for certain fees charged by the sheriff.

They set up that the charges for prosecuting attorney's fees were false and fraudulent, because neither the prosecuting attorney nor his authorized deputy appeared at the hearing of any one of said cases; that the prosecuting attorney and the justices before whom said cases were pending knew that the charges for fees were false and fictitious charges for the purpose of defrauding the defendants.

By agreement of the parties, J. S. Whiting was appointed master by the court, and he was "empowered and authorized to hear the parties, their various allegations and proofs, and report to the court a true account between said parties, and to that end to summons such witnesses to testify before him as the parties may desire."

The master, under this order, took proof and made his report, in which he shows that the prosecuting attorney had claimed fees in cases before the police court amounting to $1,750 and fees in other cases amounting to $770, making a total of $2,520 and a total of witness fees claimed of $344.35.

The master's report showed that the prosecuting attorney had claimed fees of $670 for convictions in vagrancy cases during the period covered by the contracts. The report shows that the prosecuting attorney, or his deputy, appeared to prosecute in 171 cases, and that he did not appear, and no one was present to prosecute, in 321 cases for which fees were claimed.

The master's report was elaborate, making specific findings as to the fees claimed by the prosecuting attorney and other officers. The appellants filed exceptions to the findings of the master. These exceptions were overruled by the court.

During the pendency of the suit Furth died, June 21, 1907. Sam Blum qualified as executor of his estate June 24, 1907. Plaintiff gave notice to revive the action against the executor December 19, 1908. The court, in making an order reviving the action in the name of the execcutor, found that the first succeeding term of the court after the date of the qualification of the executor (June 24, 1907) was "begun and held on the first Monday in October, 1907; that the court took a temporary adjournment on Saturday, November 16, 1907, preceding the third Monday in November, 1907, in order that the regular term of the Lonoke Chancery Court might be opened and held; that upon the adjournment of the Lonoke Chancery Court the Pulaski Chancery Court was reopened on Friday, November 22, 1907; session of the 24th day of December, 1907." The order of revivor was made July 6, 1909.

The court rendered a decree in favor of the appellee for the sum of $3,383.22, from which appellants duly prosecute this appeal. Other facts will be stated in the opinion.

*E. W. Kimball* and *J. W. & J. W. House, Jr.,* for appellants.

1. The court erred in reviving the case against the executor, because said order of revivor was not made within the

time prescribed by statute. Kirby's Dig., §§ 6312, 6313; *Id.* §§ 6306-7; 48 Ark. 30; 69 Ark. 215; 76 Ark. 122; 85 Ark. 144; 1 Hopkins, Ch. 451.

2. Neither appellant Peay nor his surety is liable for fees charged up which were illegal and void. There is no authority of law for taxing up a fee for a deputy prosecuting attorney in a justice's court except in a prosecution on information filed for carrying a weapon unlawfully, selling intoxicating liquors in violation of law, or gambling, where the deputy attends the trial and prosecutes. There is no authority for taxing a fee in a criminal conviction in a justice's court or police court in favor of the prosecuting attorney unless he appears and prosecutes in behalf of the State. Kirby's Dig., §§ 6387, 6388, 6389, 3488; 57 Ark. 487; 1 Black on Judgments, §§ 170, 246, 252, 260, 270, 274, 278, 282, 283, 286; 6 Ark. 280; 47 Ark. 442; 25 Ark. 235; 32 Ark. 45; 73 Ark. 600, and cases cited at 603, 604. A judgment binds no one except parties to the judgment or their privies. 2 Black on Judgments, §§ 460, 462, 463-466, 600, 608, 610, 995, 999; 75 Ark. 1; 71 Ark. 339; 91 U. S. 244; 77 Ark. 477.

A judgment can always be impeached and contradicted by collateral evidence, except between the parties to the judgment. 12 Vt. 165; 4 Cush. 27; 8 Gill 239; 10 Wend. 88; 2 Ala. 760.

A judgment may be attacked where there is want of jurisdiction. 11 Martin (La.) 607; 13 Am. Dec. 360; 5 Wend. 148. See also 3 Ark. 532; 5 Ark. 424; 43 Ark. 107; 48 Ark. 151; 58 Ark. 181.

3. There is no authority for a prosecuting attorney to appear and prosecute in a police court at all. If he goes there and prosecutes a case, it is merely voluntary, and he is not authorized to make any charge. In such cases all fines imposed and fees charged are payable into the city treasury. Kirby's Dig., §§ 5634, 5596, 5599, 5630.

4. There is no law authorizing the collection of a fee for the conviction of vagrants. Kirby's Dig., § 2070.

5. The contracts for the purpose of letting out the convicts to pay the charges involved here were both *malum in se* and *malum prohibitum*. 12 Wallace 342; 46 Mo. App. 323. It is elementary law that illegal contracts can not be

enforced, and certainly they can not be enforced by the State or county. 66 Ark. 348; *Id.* 533; *Id.* 190; 67 Ark. 480; 77 Ark. 580; 63 Ark. 318; 40 Ark. 488; 51 Ark. 519; 46 Ark. 420; 52 Ark. 178; 26 Ark. 160; 29 Ark. 386; 81 Ark. 41-48.

As to the surety, these illegal fees and costs could in no event be enforced against him. 45 Wis. 204; 7 Minn. 398; 65 Cal. 358; 16 Bradw. (Ill.) 612; 156 Ill. 499; 10 Rich. (S. C.) 442; 60 N. Y. 421; 2 Brandt on Suretyship §§ 627, 628.

*Lewis Rhoton, Dan W. Jones, J. H. Hamiter* and *Carmichael, Brooks & Powers,* for appellee.

1. The master's findings are conclusive. 96 Ark. 480.

2. The order of revivor was properly made. Kirby's Dig., §§ 6312, 6313; 48 Ark. 31; 39 Ark. 134; 69 Ark. 217; 76 Ark. 123; Kirby's Dig., §§ 7814, 7822; 33 Ark. 423, 424; 37 Ark. 463; 38 Cyc. 312, subject "Time;" 75 Am. St. Rep. 870, 873.

The statute of limitations does not run against the State. 37 Ark. 466, 468; 63 Ark. 57. If the statute of revivor be treated as one of limitations, it would not run against the State.

3. The final decree is correct. The court has no power or jurisdiction to retax costs in a collateral proceeding. No court except that in which a case was originally tried has power to tax or retax costs. Kirby's Dig., § 987; 17 Ark. 361; 65 Ark. 219; 52 Ark. 103; 11 Cyc. 160; *Id.* 265; *Id.* 289. On the question of collateral attack, see 23 Cyc. 1092; *Id.* 1096; *Id.* 1056; 11 Cyc. 24.

4. The relation between plaintiff and defendant is contractual, and, such being the case, it is immaterial if the consideration for the contract was tainted.

The contract is between the county and Peay; and as to the parties to it there is no element of illegality in it. None except parties to an illegal contract can take advantage of its illegality.

WOOD, J., (after stating the facts). 1. An order to revive must be made by the court in which the action sought to be revived is pending. Kirby's Digest, §§ 6298-6303.

"An order to revive an action against the personal representative of a defendant, or against him and the heirs or devisees of the defendant, can not be made, unless by consent,

until after six months from the qualification of the personal representative." Kirby's Digest, § 6312.

"An order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative or successor unless in one year from the time it could have been first made." Kirby's Digest, § 6313.

Under these provisions, an order to revive could have been first made on the 26th day of December, 1907. The rule for computing time in statutes of limitations in this State is to exclude the first day and include the last day. *Shinn* v. *Tucker*, 33 Ark. 424; *Williams* v. *Franklin County*, 37 Ark. 463.

Applying this rule here, the order of revivor in this case could have been first made on the 26th day of December, 1907, for the 25th was a legal holiday.

The Legislature intended to fix a definite day from which the limitation prescribed by the above statute should begin to run, without reference to the terms of court. The intention was to have a definite and uniform time, applicable to all courts in which revivors might be had. This was compassed by fixing the day after the expiration of six months from the day of the qualification of the personal representative or successor of the defendant.

The regular terms of the Pulaski Chancery Court begin on the first Monday in April and October. The chancellor, in his order of revivor, finds that the chancery court of Pulaski County was in session on the 24th day of December, 1907, but the order of revivor could not have been made on that day, for it was within, and not after, six months from the qualification of the executor of Furth. There is no affirmative showing in the record that the court was not in session after that date and at a time between that date and the next term of the court, beginning on the first Monday in April, 1908, when the revivor could have been made had the court been in session. The order of revivor could have been made at any time, as we have stated, after the 25th day of December, 1907. The order could have been made at the April term, 1908; it could also have been made at the October term, 1908.

Appellee, instead of making its application for revivor at the April term, or the October term, 1908, waited until

December 19, 1908, before making its application and giving notice for revivor. This application and notice was that the appellee (plaintiff below) would apply to the chancery court for an order of revivor on the 29th day of December, 1908. This was three days after the expiration of the year within which the appellee could have had the order of revivor made had it made proper application and given proper notice therefor. That it did not make application and did not give notice for the order of revivor, and have the same made within the year contemplated by the statute was the fault of appellee, and not the fault or delay of the court. The statutes require and contemplate diligence upon the part of those seeking orders of revivor. The one year statute of limitations prescribed by section 6313 of Kirby's Digest begins to run at the expiration of the six months prescribed by section 6312.

A party seeking an order of revivor against the representatives or successors of a defendant in an action under sections 6312 and 6313 of Kirby's Digest, *supra,* can not delay making application therefor and giving notice thereof until such time as would make it impossible for the court to make the order of revivor within the time prescribed by the statute. As was said in *Anglin* v. *Cravens,* 76 Ark. 122, the statute is mandatory in its terms, and the revivor, to be effective, must be applied for within the time prescribed by the statute. Appellee (plaintiff below) did not apply for and give notice of the application for the order of revivor within the time prescribed by the statute.

There is nothing in the record to show that the order of revivor could not have been obtained before or at the April term, or the October term, 1908, had the appellee made proper application and given the proper notice. Had the order been thus made, it would have been within one year after the expiration of six months from the date of the qualification of the executor.

The construction herein given the statute is in accord with the decisions of this court in *Haley* v. *Taylor,* 39 Ark. 104; *McNutt* v. *State,* 48 Ark. 31; *State Fair Association* v. *Townsend,* 69 Ark. 215; *Anglin* v. *Cravens,* 76 Ark. 122; and *Cole* v. *Hall,* 85 Ark. 144.

The court therefore erred in reviving the cause against the executor of the estate of Furth.

2. The contracts were with the county of Pulaski, while the bonds run in the name of the State. The suit on the contracts and bonds was in the name of the county; but the allegations of the complaint show that it was in reality a suit by the county for the benefit of officers and witnesses who had earned fees in the prosecution of the convicts hired out under the contracts. These were the real parties in interest, and no effort was made in the court below to abate or dismiss the action on account of improper parties. We must treat the suit therefore as it appears here, and the limitation provided by section 6313, *supra,* is applicable. It is not a suit by the State.

3. Section 3488, Kirby's Digest, provides that prosecuting attorneys, when present and prosecuting, either in person or by deputy, in justice's courts, for each conviction shall be entitled to the same fees as are allowed in the circuit court. Sections 6387, 6388, 6389 and 6390 provide for fees for prosecuting attorneys and their deputies where they are personally present and prosecuting in special cases therein enumerated. But this statute expressly provides that "no prosecuting attorney or his deputy shall receive any fee unless he personally appears and prosecutes in the cases, nor shall any court tax any fee where such officer does not appear and personally prosecute."

Under these statutes no justice of the peace or police judge sitting as a justice of the peace has any authority or jurisdiction to render a judgment for prosecuting attorney's fees where they were not present and prosecuting. The presence of the prosecuting attorney, or his deputy in person under the above statutes, is essential to his right to recover the fee in the first place, and also to the jurisdiction of the justice to render a judgment in his favor for such fee. The prosecuting attorney derives his right to the fee, and the justice his power and jurisdiction to render a judgment for such fee, from the statute. It is not within the judicial discretion of the justice rendering judgment for costs against defendants in cases of conviction against them to allow or disallow a fee for a prosecuting attorney that is not authorized by the

statute. He is utterly without power and jurisdiction to render any judgment in such cases, and a judgment so rendered is not merely voidable but absolutely void, and is subject to attack, not only by the parties to it, but by any one who may be affected by it.

In *Fanning* v. *State,* 47 Ark. 442, Judge SMITH, speaking for the court, said: "Statutes regulating costs are construed strictly. Fees for constructive services are in no cases allowed. Those who serve the public must be content with the compensation provided by the plain letter of the law." This case was subsequently overruled, but not on that point. See *Hempstead County* v. *McCollum,* 58 Ark. 159.

This court has often held that no officer is entitled to fees taxed as costs in cases unless there is a statute authorizing it, and such statutes are to be strictly construed and pursued. Ex parte *Badgett,* 6 Ark. 280; *Crittenden County* v. *Crump,* 25 Ark. 235; *Cole* v. *White County,* 32 Ark. 45; *Logan County* v. *Trimm,* 57 Ark. 487.

In the last case we held (quoting syllabus): "To authorize a county court to allow against the county a claim of fees for services rendered by an officer, three things must occur:

"(a) There must be specific statutory authority to the officer to make a charge for the service;

"(b) The officer must be required by the statute, or by the rules of practice or order of the court, to perform the service;

"(c) The statute must indicate, expressly or by fair intendment, the intention to permit the fee allowed by the statute for the service to be charged against the county."

Of course, if there is statutory authority for the allowance of the fee, then the court whose duty it is to tax the costs would have jurisdiction to tax such fee as part of the costs in the case; and if an error were made in taxing such costs, it would be one to be corrected by a motion to retax in the same case and in the same court. But such is not the case where there is no statutory authority in the first place for the claim or allowance of the fee. Where there is no statutory authority for a claim or allowance of a fee, the taxation of such fee as costs in a case is rendering a judgment without jurisdiction. In other words, a court has no jurisdiction over the subject-

matter of allowing attorney's fees as costs in any case, in the absence of a statute authorizing such fees to be taxed or allowed in those cases.

The case under consideration is not one of error in allowing illegal costs where fees of the character claimed are allowed by statute, but it is a case of a court allowing fees where there is no statutory authority for such allowance, and where, in certain character of cases, the statute expressly forbids that any court "tax any fee where such officer does not appear and personally prosecute." Kirby's Digest, § 6390.

The taxation of such fees is not incident to any judgment which the court is authorized to render, but it is rather the usurpation of power, where none exists, to render a judgment unauthorized and prohibited by the statute.

The contracts hiring out the convicts, by which they and the contractor were to pay unauthorized, and therefore illegal fees, were absolutely void. No rights could accrue to the contractor or the county under them, and of course such contracts could not be enforced. Here the plaintiff (appellee) could not recover the amount claimed without showing what the fees were charged for, and in doing this it would be compelled to show the illegality of the contracts as to the illegal fees embraced therein. Hence it can not recover for those fees. *Wood* v. *Stewart*, 81 Ark. 41, 48, and other cases cited in appellant's brief. See also *Ashford* v. *Mace*, *ante*, p. 114.

4. The statute provides, in part, as follows:

"The police court of any such city shall have concurrent jurisdiction with justices of the peace over all misdemeanors committed in violation of the laws of the State within the corporate limits of such city, and in cases of conviction therefor the like fees and costs shall be taxed and allowed as in similar cases before justices of the peace; provided, those items that would be allowed justices of the peace or constables shall not be paid to the police court judge, or police officers, but shall be paid into the city treasury, and every defendant convicted of such misdemeanor and committed to imprisonment either as a part of his punishment or in default of the payment of fine or costs, shall be committed to the county jail, in the same manner as if committed by a justice of the peace, and all fines

imposed in the police court shall be paid into the city treasury." Kirby's Digest, § 5634.

The above statute is authority for the allowance of a fee for the prosecuting attorney in the cases mentioned, where he is present and prosecuting, but not otherwise. It is also authority for the taxing of witness fees as costs of the prosecution.

In cases for violation of the laws of the State tried before police judges as justices of the peace, under the above statute, the same course in the matter of taxing fees as costs and the collection of the fine and costs, where same are not paid, is to be pursued as if the cases were tried by a justice of the peace. In other words, parties convicted by police judges sitting as justices of the peace must be treated in the matter of the collection of the fine and costs imposed as county prisoners. Under the above section the fees due the police judge and constables, instead of being paid to them when collected, are paid into the city treasury. Any ordinance of the city providing a different method of collection for the fines and costs arising under the above section would be inconsistent therewith and invalid. Kirby's Dig.; § 5596.

5. The prosecuting attorney was allowed fees in the sum of $670 in cases of conviction for vagrancy, and this sum was included in the amount for which the appellee sued the appellants. There is no statute authorizing the collection of the fine and costs adjudged against persons convicted of vagrancy by hiring out as in cases of county prisoners. Kirby's Dig., § 1080, amended by Acts of 1909, c. 63.

The statute provides a specific method for the collection of the fine and costs in vagrancy cases, and it is not by the hiring out process. Kirby's Digest, § 2070. The contract with appellant Peay for working the prisoners convicted of vagrancy was without authority of law and void.

6. The testimony of appellant Peay tends to show that he sublet the convicts under the contract of 1904 to John M. Gracie, and that this was done with the approval of the county judge. Peay therefore would not be liable under the contract of 1904 for fees that accrued after the convicts were sublet under a contract approved and ratified by the county judge. The county court or county judge had "plenary power" over the matter. Kirby's Digest, § 1080.

7.   Other questions affecting the executor of the estate of Furth are presented, but since there has been no revivor of the cause as to him it is unnecessary to discuss them.

The judgment, for the errors indicated, must be reversed with directions to enter a judgment dismissing the cause as to the executor of the estate of Furth, and to enter a judgment against Peay for such sums as are found to be due under the contracts after eliminating the illegal fees indicated in this opinion, and for further proceedings according to law and not inconsistent with this opinion.