MILLER *v.* FORT SMITH.

Opinion delivered October 29, 1923.

1. COSTS—CONSTRUCTION OF STATUTES.—Statutes regulating costs in litigation and fees of officers are to be strictly construed, and no officer is entitled to fees taxed as costs in cases unless there is a statute authorizing it.

2. COSTS—FEES OF PROSECUTING ATTORNEY.—As there is no statute requiring the prosecuting attorney to appear and prosecute for violations of municipal ordinances, nor to receive any fee therefor, an order of the circuit court requiring the prosecuting attorney to appear in such cases was not authorized, and affords no justification for imposing fees against persons accused of such violations.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

*T. S. Osborne,* for appellant.

Under the statutes authorizing the election of a city attorney, and providing that he, as also other city officers, shall receive a salary, he must perform every duty in the scope of his election or appointment, without increase or decrease of pay during his term of office, and without any additional compensation by way of fees, etc. Crawford & Moses' Digest, §§ 7690, 7693, 7521. There is no authority for the prosecuting attorney to appear and prosecute in any case other than a State case, and receive a fee therefor. He cannot appear and prosecute in the name of the city under a municipal ordinance. 122 Ark. 374; 124 Ark. 18; 12 Ark. 122; 57 Ark. 209; 86 Ark. 259; 103 Ark. 601; 102 Ark. 43; 93 Ark. 530; 61 Ark. 407; 15 Corpus Juris, 317-318, § 788; *Id.* 315, § 782; *Id.* 185-189, §§ 446-453.

McCULLOCH, C. J. Appellants, John Miller and Vivian Hubbard, were tried and convicted in the municipal court of the city of Fort Smith of the offense of keeping and using a room for immoral purposes, in violation of one of the ordinances of the city. They appealed to the circuit court, and on the trial anew they were again found guilty and fines were imposed. The city attorney appeared in the circuit court and prosecuted the case to

a conviction. On a previous day of the court an order had been announced requiring the prosecuting attorney to appear in all criminal cases appealed from the municipal court, and directing the clerk in such cases to tax fees for the prosecuting attorney "as though said cause had originated in the circuit court." Pursuant to this order, the court taxed a fee of $10 against each of the appellants for the prosecuting attorney. Appellants then filed a motion to retax the costs and strike out the fees of the prosecuting attorney, which motion the court overruled, and an appeal has been duly prosecuted to this court.

There is no requirement in the statutes of this State for a prosecuting attorney to prosecute cases for violation of municipal ordinances, nor is there any authority in the statute for the imposition of a fee for the prosecuting attorney against a person convicted under a municipal ordinance.

A municipal judge has jurisdiction of criminal cases arising under the State laws, and the prosecuting attorney is allowed a fee by the statute for prosecuting State cases in municipal courts. Crawford & Moses' Digest, § 7734; *Peay* v. *Pulaski County,* 103 Ark. 601. The statute referred to does not, however, require the prosecuting attorney to appear and prosecute for violations of municipal ordinances, nor does it allow him any fee in such prosecutions.

Statutes regulating costs in litigation and fees of officers are to be strictly construed, "and no officer is entitled to fees taxed as costs in cases unless there is a statute authorizing it." *Peay* v. *Pulaski County, supra.*

The previous order of the court directing the prosecuting attorney to appear in the case was made without authority of law, and it affords no jurisdiction for the imposition of unauthorized fees against persons accused. Nor is there any statute authorizing the allowance of a fee to the city attorney for prosecuting for violations of municipal ordinances. The statutes on this subject pro-

vide that municipal officers shall receive salaries, "and shall in no instance receive any additional compensation by way of fees, fines or perquisites." Crawford & Moses' Digest, §§ 7690, 7693.

The judgment of the circuit court is therefore reversed, and the cause remanded with directions to retax the costs by striking out the fee of the prosecuting attorney. It is so ordered.