The Honorable Carl A. Crow Prosecuting Attorney P.O. Box 1620 Hot Springs National Park, AR 71902-1620
Dear Mr. Crow:
This is in response to your request for an opinion concerning prosecuting attorney's fees. You have asked the following specific question in this regard:
 Pursuant to Arkansas Code of 1987 Annotated 21-6-410(a)(1) or 21-6-410 (a)(2) may a municipal court levy a fee payable to the county general fund upon a plea of guilty to a misdemeanor or violation charged by warrant, by an officer with probable cause, or otherwise, when no information has been filed by the prosecuting attorney?
Sections 21-6-410(a)(1) and 21-6-410(a)(2) state as follows:
 (a) Prosecuting attorneys, when present and prosecuting cases, shall be allowed the following fees:
 (1) For each judgment obtained on complaint, information, or otherwise, in the name of the state or any county ......................... $5.00.
 (2) For each conviction on indictment, presentment, or information for misdemeanor or breach of the peace ........................... $10.00.
Sections 21-6-410(a)(1) and 21-6-410(a)(2) set forth the amounts to be charged and collected when the prosecuting attorney was "present and prosecuting." A.C.A. 16-92-107 must also be considered wherein it states in pertinent part as follows under subsection (a):
When the prosecuting attorney or his deputy files an information before a justice of the peace on which a warrant of arrest is issued, or when the information on which a warrant of arrest has been issued and served is filed by another person and the prosecuting attorney or his deputy is called into the case by the court having jurisdiction thereof, and the defendant then enters a plea of guilty or is otherwise convicted, the prosecuting attorney or his deputy, as the case may be, shall receive the fee or fees fixed by law for the convictions. (Emphasis added).
Statutes regulating the costs in litigation and fees of officers are to be strictly construed. Miller v. Ft. Smith 160 Ark. 487,254 S.W. 1068, (1923). It is my opinion, based upon these controlling opinions, that the municipal court may levy the prosecuting attorney's fees when the prosecuting attorney has filed no information, so long as the prosecuting attorney is "present and prosecuting" the case. See also Peay v. Pulaski County, 103 Ark. 601, 148 S.W. 491 (1912).
It must be noted, finally, that the question posed appears to reflect a presumption that the prosecuting attorney's fee will be payable to the county general fund. It must be recognized, however, that there are instances in which the fee(s) may be deposited in a different fund. See, e.g., A.C.A. 16-21-120.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.