The Honorable Gary M. Arnold Prosecuting Attorney P.O. Box 1890 Benton, AR 72015
Dear Mr. Arnold:
This is in response to Deputy Prosecuting Attorney Eddy R. Easley's request for an opinion concerning A.C.A. 21-6-307(a)(16). The specific questions in this regard are restated as follows:
 1. Can this fee be added to all cases including traffic citations regardless of whether they actually go to trial? For example, can the fee be added to a speeding ticket when the defendant pleads guilty and either mails his fine and costs in to the Court or comes to Court to remit the fine and costs?
 2. Does the Sheriff personally have to attend the trial as stated in the language of the statute or will his deputy suffice?
In response to your first question, it is my opinion that the fee will apply so long as the sheriff is "attending" the case "in open court." Section 21-6-307(a)(16) states:
 (a) The following fees shall be charged by each of the sheriffs of the several counties of the State of Arkansas:
* * *
 (16) for attending every trial of a criminal or civil case of confession in open court.
The fact that the case does not actually go to trial due to a guilty plea is not, in my opinion, dispositive, so long as the sheriff is in attendance and the plea is entered in open court. This follows from the wording of the statute, and it is well-established that the first rule in determining the meaning of a statute is to construe it just as it reads, giving words their ordinary and usually accepted meaning in common usage. Bolden v. Watt, 290 Ark. 343, 710 S.W.2d 428 (1986). If the defendant mails his fine and costs or there is, otherwise, no "confession in open court," it must be concluded that the fee cannot be charged.
While there is authority for the proposition that statutes regulating the fees of officers must be strictly construed (Miller v. Ft. Smith, 160 Ark. 487, 254 S.W. 1068 (1923)), it is my opinion, in response to your second question, that attendance by a deputy sheriff forms a sufficient basis for application of the fee. This conclusion is indicated by the language of A.C.A.14-15-503, involving the powers of deputies, wherein it states under subsection (a):
 Every deputy sheriff appointed a provided by law shall possess all the powers of his principal and may perform any of the duties required by law to be performed by the sheriff.
The power and duty of the sheriff to charge a fee in accordance with A.C.A. 21-6-307(a)(16) is clearly established. Section14-15-503(a) may be cited as authority for charging the fee where the deputy performs this function.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.