The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for an opinion on several questions involving proper parliamentary procedure in connection with city council meetings in the City of Waldron. Your questions are restated below and answered in the order posed.
1. Does a mayor have veto power over a City Council's appointment to fill a council vacancy under Arkansas Code Annotated sections 14-43-501, 14-44-107, 14-44-105?
It is my opinion that a mayor does have the veto power in this regard, in accordance with A.C.A. 14-43-504(e). It is my understanding that Waldron is a city of first class. Thus, A.C.A.14-44-105 and 14-44-107 are inapplicable since those Code sections pertain to second class cities. Section 14-43-501 addresses the organization of a city council, but makes no reference to the mayor's veto. The correct section is 14-43-504(e).
Please note that I have enclosed a copy of Opinion Number 90-078 which was recently issued in response to this question with regard to a city of the second class. The rationale is, in my opinion, also applicable to a city of the first class.
2. In order to pass a city ordinance, can a council member, when a bare quorum is present (three members of a six member council plus the mayor) vote on an action by telephone in order to have enough votes to pass the ordinance? In other words, is it proper for a city council member to vote over the telephone?
The answer to this question is, in my opinion, generally "no". This office has previously concluded, in unofficial opinion number 067-84, that public officials may not vote by proxy in Arkansas, and that city council members must be present in order to vote. This conclusion appears to be consistent with general parliamentary rules with regard to absentee voting by deliberative bodies; that is, absentee voting is ordinarily not authorized, in the absence of specific statutory authority. It has been stated that no member of such a body can vote who is not present when the question is put to the membership. H.M. Robert, Robert's Rules of Order Art. VIII, 46 (1973).
2. Is it possible for a mayor to reduce his own salary paid by the city, even with approval by the City Council?
The mayor has no authority to effect a decrease in his salary, either with or without city council approval. See Opinion No.88-146, copy enclosed. As noted in that opinion, however, the pertinent Code section (A.C.A. 14-42-113) does not appear to impact any personal decision of the official with respect to his or her retention of salary payments.
3. Can a vice-mayor in a situation where the mayor is not able to attend city business because of temporary illness, be paid a mayor's salary and also be compensated additionally as a council member for those periods of time.
The payment of a mayor's salary and additional compensation as a council member would appear to be prohibited under A.C.A.14-43-409, which states:
All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines or perquisites and/or prerequisites. All fees, fines, or perquisites shall be paid into the city treasury.
See also, Miller v. City of Ft. Smith, 160 Ark. 487, 254 S.W. 1068
(1923) (municipal officers shall receive salaries, but in no instance shall they receive additional compensation.)
Nor has our research disclosed separate authority for this dual compensation. The answer to this question is, therefore, "no".
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.