The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
I am writing in response to your request for my opinion on the following question:
 Is an elected official (specifically, the city attorney) whose salary is set by law entitled to augment his salary by requesting additional fees for legal work done in his capacity as city attorney?
RESPONSE
Upon approval of the city council, the city attorney may recover in addition to salary any fees incurred in prosecuting violations of city ordinances and violations of state law committed within the city limits.
I am enclosing for your information Op. Att'y Gen. 89-375, which sets forth the applicable law on this issue.[1] As reflected in the enclosed opinion, pursuant to A.C.A. § 14-43-410, in addition to paying the city attorney's regular salary, the city council has the discretion to award him fees for prosecuting violations of city ordinances or of state law committed within the corporate limits of the city. The fees may be awarded at the rate allowed prosecuting attorneys in criminal cases.
You have enclosed a memo in which the city attorney itemizes various cases in which he has provided representation. With one exception, these appear to be civil cases in which the city was the defendant. In support of his request for fees in several of these cases, the city attorney indicates that he has received such additional compensation for defending the city in the past. In my opinion, the payment of fees for such representation is expressly prohibited by the Code. As noted in the above referenced opinion and again in Op. Att'y Gen. 95-243, A.C.A. § 14-43-410
authorizes the payment of fees to a city attorney only for the recitedprosecutorial services. Any civil representation is subject to the immediately preceding statute, which provides:
 All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury.
A.C.A. § 14-43-409. See Brandon v. Arkansas Public Service Commission,67 Ark. App. 140, 156, 992 S.W.2d 834 (1999) (invoking this statute as a basis for denying attorneys' fees to city attorneys for civil litigation).
I appreciate that the statute just recited may have the effect of denying city attorneys compensation for certain significant and productive work. However, I am bound to interpret the law as it reads. In Brandon, after noting that the city attorneys had "rendered valuable services," the Court nevertheless concluded that "the attorneys requesting the fees were the cities' attorneys, who serve the public and, therefore `must be content with the compensation provided by the plain letter of the law.'See Peay v. Pulaski County, 103 Ark. 601, 610, 148 S.W. 491, 494 (1912) (quoting Fanning v. State, 47 Ark. 422, 2 S.W.7 0 (1886)." 67 Ark. App. at 156. I can only suggest that the city council adjust the city attorney's salary in whatever manner it deems appropriate to compensate for such work.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] The opinion is dated only in referring to the salary range in footnote 1. Section 14-43-314 of the Code currently designates no salary, instead leaving this determination to the city council.