The Honorable Willie R. Hardy State Representative 518 Warner Street Camden, Arkansas 71701
Dear Representative Hardy:
I am writing in response to your request for an opinion on the following question:
 Concerning Opinion Number 2000-045: Is this Opinion still authoritative insofar as it indicates that a City Attorney should not seek or be paid extra compensation from the city he serves (or paid above or in addition to the amount that the City Council has budgeted by ordinance for the elected City Attorney's salary and benefits), for civil law work (for example, research, writing, litigation or appeals on non-criminal city legal matters) that the City Attorney undertakes on behalf of the city?
 RESPONSE
In my opinion the answer to your question is "no." A 2001 change to the applicable statutes dictates a different result today than the one reached in Op. Att'y Gen. 2000-045.
In Opinion 2000-045, the question posed was whether "an elected official (specifically, the city attorney) whose salary is set by law" was "entitled to augment his salary by requesting additional fees for legal work done in his capacity as city attorney." Opinion 2000-045 concluded that in addition to his salary, and upon approval of the city council, the city attorney could only recover fees incurred in prosecuting violations of city ordinances and violations of state law committed within the city limits. Id., citing A.C.A. § 14-43-410 (Repl. 1998).[1]
Opinion 2000-045 concluded that for civil representation provided by the city attorney, additional compensation was prohibited, relying upon A.C.A. 14-43-409 (Repl. 1998) ("All officers provided for in this subtitle, and by ordinance of any city under this subtitle, shall receive such salary as the council of any city may designate, and in no instance shall they receive an additional compensation by way of fees, fines, or perquisites. All fees, fines, or perquisites shall be paid into the city treasury"); and Brandon v. Arkansas Public Service Commission,67 Ark. App. 140, 156, 992 S.W.2d 834 (1999). Opinion 2000-045
concluded that:
 In Brandon, after noting that the city attorneys had "rendered valuable services," the Court nevertheless concluded that "the attorneys requesting the fees were the cities' attorneys, who serve the public and, therefore `must be content with the compensation provided by the plain letter of the law.' See Peay v. Pulaski County, 103 Ark. 601, 610, 148 S.W. 491, 494 (1912) (quoting Fanning v. State, 47 Ark. 422, 2 S.W. 70 (1886)." 67 Ark. App. at 156.
Id. at 2.
Opinion 2000-045 was issued on February 28, 2000. Roughly a year later, Act 366 of 2001 was adopted to "Clarify Arkansas Law Regarding the Compensation of City Attorneys." See
Acts 2001, No. 366 ("Title"). Act 366 of 2001, in relevant part, amended subsection (b)(1) of A.C.A. § 14-43-410 so as to now provide:
 (b)(1)(A) By proper ordinance, any city or town may specify pay for the city attorney as the council may desire.
 (B) The pay may include salary, hourly fees, costs, fees, or other like compensation, in combination or singularly, as the council may deem appropriate.
Id. (emphasis added).
The statute above authorizes the city council, by proper ordinance, to specify the "pay" to which the city attorney is entitled. Such "pay" may include salary and/or "hourly fees, costs, fees, or other compensation, in combination or singularly. . . ."
In response to your question, a city is now authorized by ordinance to structure a city attorney's compensation by including a combination of salary and hourly fees, should the council so desire. In my opinion, therefore, Opinion No. 2000-045
is no longer accurate, the law having changed after its issuance.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] At that time, A.C.A. § 14-43-410 provided as follows:
 (a) Any city of the first or second class in the State of Arkansas may, by ordinance, provide that the city attorney of the city shall receive as part of his compensation, for all prosecutions tried by the city attorney for violations of ordinances of the city and for all prosecutions tried by the city attorney for violations of state laws committed within the corporate limits of the cities, the same fees as are allowed prosecuting attorneys in this state in all criminal cases.
 (b) (1) By proper ordinance, the city may specify a certain salary or salary and fees, as the council may desire.
 (2) In the event the city attorney is paid a salary only, the city is authorized to collect the fees referred to in this section and they are to be applied as the council may direct.