## CELENDER v. STATE.

### Opinion delivered April 13, 1908.

1. ACCOMPLICES—SUFFICIENCY OF CORROBORATION.—It was not error to instruct the jury in a criminal case that the accused could not be convicted on the uncorroborated testimony of accomplices, and that their testimony must be corroborated by other evidence, direct or circumstantial, tending to connect defendant with the commission of the offense charged, but that it was not necessary that the corroborating evidence should be sufficient of itself, without the testimony of such accomplices, to convict the accused. (Page 24.)

2. APPEAL—OBJECTION TO EVIDENCE—SUFFICIENCY.—It was not error to refuse to exclude all of the testimony of a witness when part of it was admissible. (Page 25.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans*, Judge; affirmed.

*Sam. R. Chew,* for appellant.

*William F. Kirby,* Attorney General, and *Dan'l Taylor,* Assistant, for appellee.

BATTLE, J. Cleter Celender was indicted for larceny and burglary. The larceny was committed by defendant feloniously stealing, taking and carrying away two hundred pints and two hundred quarts of whisky, of the value of one hundred dollars, and of the property of the St. Louis, Iron Mountain & Southern Railway Company; and the burglary, in the night time, by defendant feloniously breaking and entering a certain railway car, the property of the St. Louis, Iron Mountain & Southern Railway Company, with the felonious intent to commit a felony, to-wit, larceny. He was acquitted of the burglary

and convicted of the larceny. He contends that the evidence adduced at his trial for the offenses charged, without the aid of the testimony of accomplices, was not sufficient to convict him of larceny. Was it sufficient?

About the 11th day of November, 1907, a car of the St. Louis, Iron Mountain & Southern Railway Company, on its side track at Van Buren, in this State, was broken open and robbed of whisky. Boxes were prized open, and boxes like those contained in the car, marked "Sunny Brook Whisky," without their contents, were found in the vicinity. About this time he (defendant) approached Henry Dunn and said to him, "There is a car broken open," pointing in the direction of the car that was broken open, "a car of whisky. We can get a bottle if you want to." Dunn refused to join him, and he departed. He and others were arrested for stealing the whisky and carried before a justice of the peace sitting as an examining court. At his request he was allowed to testify in his own behalf, as he had the right to do. He testified that he saw Bert Wallace and Chick Smith in the car, and saw them get the whisky, and they gave him three or four pints, and that he got the fifteen or sixteen pints that John Rooney had hid in an old lumber pile. This was whisky that Rooney had stolen from the car and concealed. The witness who heard him testify could not remember the exact amount of this whisky, but he remembered that he testified that it was "in the neighborhood of fifteen or sixteen pints." The whisky was worth seventy cents a pint. He was evidently jointly guilty of stealing the whisky stolen by Wallace and Smith, including the three or four pints he testified they gave him. His voluntary testimony in court, in connection with other testimony, independent of the testimony of accomplices, was sufficient to convince the jury that tried him that he was guilty of stealing the whisky of the railroad company of a value exceeding ten dollars.

Rooney, Mulligan and Titsworth were accomplices of the defendant. They testified in behalf of the State. In regard to their testimony, the court instructed the jury as follows: "The defendant cannot be convicted on the uncorroborated testimony of Rooney, Mulligan and Titsworth, but their testimony must be corroborated by other evidence, direct or circumstantial, tend-

ing to connect defendant with the commission of the offense charged. If there is such corroboration, and you are satisfied beyond a reasonable doubt that defendant is guilty, you will convict; otherwise you should acquit. It is not necessary that the corroborating evidence shall be sufficient of itself, without the testimony of Titsworth, Mulligan and Rooney, to convict the defendant. It is sufficient if there be such evidence, independent of theirs, either direct or circumstantial, tending to connect defendant with the commission of the offense, and that that evidence, together with the testimony of Titsworth, Rooney and Mulligan, convince your minds beyond a reasonable doubt that defendant is guilty. The corroborating evidence must tend to connect defendant with the commission of the offense. Evidence only that the offense was committed by somebody and the circumstances thereof, without tending to connect defendant with the commission of the offense, is not sufficient." Defendant objects to this instruction. But it is based upon section 2384 of Kirby's Digest, which is as follows: "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of offense; and the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof." And we think that the instruction is correct. *Meisenheimer* v. *State,* 73 Ark. 407.

One R. E. Judd testified in behalf of the State. Defendant moved the trial court to exclude all his testimony, which was overruled. As a part of his testimony was clearly admissible, the motion was properly overruled. Defendant specifically objected to parts of Judd's testimony, and the objections were overruled. The testimony admitted over these objections was not prejudicial.

Judgment affirmed.