THOMAS *v.* STATE.

Opinion delivered April 7, 1913.

1. BURGLARY—INTENT TO COMMIT GRAND LARCENY—EVIDENCE.—Under an indictment for burglary, alleging a burglarious entry with intent to commit grand larceny, circumstances may warrant the inference that the house was entered with the intent to commit grand larceny even though property taken was less than $10 in value, or the circumstances may warrant the inference that the house was entered with the intent to commit some other felony, even though the design was not actually carried out. (Page 472.)

2. TRIAL—ARGUMENT OF COUNSEL.—The prosecuting attorney in his argument to the jury was permitted to say: "It has been argued here that there is no testimony on which you can convict this defendant. If there was not, his honor on the bench, always fair and safe for defendant, would have taken this case out of your hands and directed you to find a verdict of not guilty." *Held,* error. (Page 472.)

3. TRIAL—OPINION OF JUDGE.—A trial judge has no right, either directly or indirectly, to express to the jury his opinion upon the weight of the evidence. (Page 472.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Jo Johnson,* for appellant.

1. The court should have sustained appellant's motion for peremptory charge to acquit. The evidence is clear that there was never as much as $10.00 in the meter at one time, and that at the date in question there could not have been more than twenty-five cents. If there was an intent to commit petit larceny only, there was no burglary. 61 Ark. 341, 347.

2. The remarks of the prosecuting attorney in argument to the jury were unfair and prejudicial, and those remarks particularly which declared that the court would have taken the case from the jury if there were no testimony on which they could convict were not true in law. The court's refusal to exclude this language was an endorsement thereof, and an invasion of the province of the jury to pass upon the weight and credibility of the testimony. 74 Ark. 256.

His declaration, ''I *know* he is guilty, and I ask you to convict him,'' is a declaration of fact and not a mere expression of opinion. 100 Ark. 437, 444; 95 Ark. 233; 61 Ark. 130; 58 Ark. 473.

*Wm. L. Moose,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

1. Since the record does not disclose what instructions were given to the jury, the presumption is, that they were properly instructed upon all questions material to the issues raised, including the statement that he knew that the defendant was guilty. At most, it was a mere expression of opinion. 96 Ark. 7, 14; *Id.* 177, 181.

2. There is sufficient evidence to sustain the verdict. The jury were the sole judges of the credibility of the witnesses, and the weight to be given their testimony.

McCULLOCH, C. J. This is an appeal from a judgment of conviction for the crime of burglary, appellant being charged with having, in the night-time, broken and entered a house in the city of Fort Smith occupied by one Johnson as a pool hall. It is further charged that the defendant entered the house with felonious intent to steal

the personal property of said Johnson of the value of $25.00.

At the trial of the case the State introduced a witness who testified that he saw appellant raise the window of Johnson's pool hall and enter the room; that he followed appellant into the room and heard him knocking on something up toward a portion of the room occupied as a barber shop; that he (witness) went up to appellant and asked him what he was doing there, and appellant replied that he was drunk, and that thereupon he and appellant both left the room. It was found, on examination the next day, that a gas meter in the room, arranged on the slot machine plan so that the consumer could pay as he used the gas, had been broken or "tampered with," as stated by the witnesses. Testimony was also adduced to the effect that the money had been removed from the gas meter the day before the alleged burglary. There was also testimony tending to show the customary monthly consumption of gas in the establishment. It appears that there was another gas meter in the room, which was found not to have been disturbed.

Appellant testified in his own behalf, denying that he entered the place at all, and he introduced several other witnesses whose testimony tended to establish the fact that he was at another place about the time the State's witness said he entered the house.

It is insisted, in the first place, that the testimony is not sufficient to sustain the verdict, in that there was not enough to show that appellant entered with intent to steal more than $10.00. The argument is, that the gas meter, according to customary consumption of gas, never contained as much as $10.00 at one time, and that, therefore, he could not have intended to steal more than that amount. The State's testimony tended to show that appellant was interrupted before he fully carried out his design in entering the house. In reply to argument of counsel on this point it is only necessary to refer to decisions of this court holding that circumstances may warrant the inference that the house was entered with intent

to commit grand larceny even though it turned out that that amount of property was not stolen, or that the circumstances might warrant the inference that the house was entered with the intent to commit a felony even though the design was not actually carried out. *Harvick* v. *State,* 49 Ark. 514; *Monk* v. *State,* 105 Ark. 12; *Birones* v. *State,* 105 Ark. 82.

We are, however, of the opinion that the court erred in overruling appellant's objections to certain remarks of the prosecuting attorney made in his closing argument. The prosecuting attorney said this:

"It has been argued here that there is no testimony on which you can convict this defendant. If there was not, his Honor on the bench, always fair and safe for defendant, would have taken this case out of your hands and directed you to find a verdict of not guilty."

This was objected to by appellant's counsel, and the court overruled the objection.

The question of the legal sufficiency of evidence is one of law, which the court must decide in determining whether a case should be submitted to the jury (*Catlett* v. *Railway,* 57 Ark. 461); and the language of the prosecuting attorney, interpreted literally, could be construed to refer to that question. Perhaps some jurors might so interpret the language and not construe it as an expression of the court's opinion upon the weight of the evidence. But the language used would ordinarily be understood by jurors of average intelligence to mean an expression of opinion as to the weight of the evidence. When understood in that light, the failure of the court to disapprove the statement would be accepted as an approval of a statement of the court's view that the evidence was of sufficient weight to sustain the verdict. *Cogburn* v. *State,* 76 Ark. 110.

A trial judge has no right, either directly or indirectly, to express to the jury his opinion upon the weight of the evidence. This is expressly forbidden by the Constitution.

"In the midst of doubt as to what their verdict should

be as to appellant," said Judge BATTLE, speaking for the court in *Sharp* v. *State,* 51 Ark. 147, "it was natural for them to seize upon and adopt any opinion which they understood the judge to have expressed or intimated upon the questions which they were required to decide;" and "any expression or intimation of an opinion by the judge as to questions of fact or the credibility of witnesses necessary for them to decide in order for them to render a verdict would tend to deprive one or more of the parties of the benefits guaranteed by the Constitution, and would be a palpable violation of the organic law of the State."

The language used by the prosecuting attorney in his argument is almost identical with that condemned by this court in the recent case of *Paul* v. *State,* 99 Ark. 558.

The error was prejudicial because the State relied for a conviction entirely upon the testimony of a witness whose character was impeached by the testimony of several other witnesses, and appellant introduced numerous witnesses whose testimony tended to show that he did not commit the offense.

There is other argument of the prosecuting attorney assigned as error, but it is unnecessary to extend the discussion further than to say that it was merely an expression of the attorney's opinion which, however inappropriate in an argument to the jury, was not prejudicial.

For the error indicated, in the court's refusal to disapprove and exclude the argument quoted above, the judgment must be reversed and the cause remanded for a new trial.