GLASS *v.* STATE.

Opinion delivered July 7, 1913.

1. BURGLARY—EVIDENCE—SUFFICIENCY.—Evidence *held* sufficient to warrant a conviction for burglary. (Page 33.)

2. BURGLARY—UNEXPLAINED POSSESSION OF STOLEN PROPERTY.—The unexplained possession of property recently stolen, will warrant a conviction of burglary, as well as of larceny, where the larceny is proved to have occurred at the time of the breaking and entry of the house. (Page 34.)

3. TRIAL—ARGUMENT OF COUNSEL.—Where counsel uses improper language in his argument to the jury, no reversible error is committed, where opposing counsel objects to the improper argument, and his objection is sustained by the court. (Page 34.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Jo Johnson,* for appellant.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

SMITH, J. Appellant, together with one Peter Glass, was indicted for burglary alleged to have been committed by entering the house of G. C. Jackson in the night time, with the burglarious intent of stealing $300 in money being in said house. There was a severance and appellant was convicted and sentenced to three years' imprisonment in the penitentiary, and this appeal is prosecuted from that judgment. The appellant demurred to the indictment, and assigns as error, in the motion for a new trial, the court's action in overruling the demurrer, but he points out no defect in it and we have observed none.

The point upon which appellant chiefly relies is that the evidence is insufficient to support the verdict, and it must be said that it is somewhat scant, but we think it legally sufficient to support the verdict. The evidence on the part of the State was to the effect that G. C. Jackson, the owner of the building alleged to have been broken into, was engaged in the grocery business in Fort Smith, and had two rooms connected with his store in which he lived with his wife, and his sister-in-law lived with them and had been keeping company with the appellant, who was entirely familiar with the premises.

Jackson testified that on January 15 he lost between $235 and $240 in silver and bills, a small diamond ring and a gold watch, all of which were in a washstand drawer in the living room, and that he saw the money there a few minutes before he left the house at 7:40 p. m. to get a shave, and as he went out he saw the appellant standing across the street, talking with a companion, and he testified that no one could have gotten to the money without coming through the store or entering the back door, which he had locked before leaving, but which door was open when he returned. He also testified that appellant had been without employment for eight months prior to the loss of his money, although the proof shows he had done a few days' work in the factory of a folding bed company. Jackson further testified that since the loss of his money appellant had apparently had plenty of money and had been riding around to neighboring towns on the cars.

Mrs. Jackson testified that appellant's companion who had been standing out on the street with him came in just after her husband left and bought a nickel's worth of tobacco, and she was impressed that something was wrong and went into the back room and found the back door slightly open and the money gone. It was shown by a police officer, a jeweler who had sold Jackson the ring, and by appellant's sister that appellant had given the missing ring to this sister, who lived in Sallisaw, Oklahoma. Appellant undertook to prove an alibi, and offered evidence in support of it, which, while not alto-

gether consistent, would have been sufficient for that purpose had it been credited by the jury. But it evidently was not believed by the jury, and their verdict concludes that question. If appellant took the money and the ring he must necessarily have committed the offense of burglary in doing so, and the unexplained possession of property recently stolen will warrant a conviction of burglary as well as of larceny where the larceny is proved to have occurred at the time of the breaking and entry of the house. *Gunter* v. *State,* 79 Ark. 432.

Appellant excepted to various statements made by the prosecuting attorney in his argument to the jury, none of which would call for the reversal of the case, except the statement that "if defendant was not guilty, the court would have taken this case from the jury when the defendant made the motion." There is a supplemental certificate to the bill of exceptions made by the trial judge in which he certifies that the above quotation was erroneously copied into the bill of exceptions, and that the language quoted should be stricken out as it was not used by the prosecuting attorney. However that may be, the record which shows the use of the language quoted also shows that appellant objected to it as an improper argument and that the court sustained that objection. The language above quoted is very similar to that employed by the prosecuting attorney in the case of *Thomas* v. *State,* reported in 107 Ark. 469, 155 S. W. 1165, and for the use of which that case was reversed. But there the court did not sustain the objection while here the objection was sustained. In the Thomas case, *supra,* it was said that the language used would ordinarily be understood by jurors of average intelligence to mean an expression of opinion as to the weight of the evidence, and that, when understood in that light, the failure of the court to disapprove the statement would be accepted as an approval of a statement of the court's view that the evidence was of sufficient weight to sustain the verdict and would call for the reversal of the case. In such cases the court should leave no uncertainty in the

minds of the jury, and such action should be taken as would remove all doubt about the opinion entertained by the court, and, if this is not done, a reversal only can cure the error. But such action was taken here, if the language was in fact used.

Other questions are presented in the brief which we consider unnecessary to discuss, and the judgment of the court below is affirmed.