GIBBS *v.* STATE.

Opinion delivered October 2, 1922.

1. CRIMINAL LAW—CREDIBILITY OF WITNESS.—Though a witness was confessedly a liar and a thief, it was for the jury to say whether or not they would believe his testimony.

2. WITNESSES—IMPEACHMENT OF ACCUSED.—Where accused testifies in his own behalf, he becomes subject to impeachment in the same manner as any other witness.

3. WITNESS—IMPEACHMENT OF ACCUSED.—Evidence tending to impeach accused's general reputation for truth and morality was competent to affect his credibility where he testified in his own behalf.

4. CRIMINAL LAW—INSTRUCTION—INVASION OF JURY'S PROVINCE.—In a prosecution for selling intoxicating liquors, an instruction that the evidence as to general reputation of the State's witness and of defendant is not conclusive on the question whether the witnesses told the truth, but affects their credibility as witnesses, and it is a question for the jury to determine as to what extent the credibility of such witnesses is affected by such evidence, does not invade the jury's province.

Appeal from Clay Circuit Court, Western District; *R. E. L. Johnson,* Judge; affirmed.

*C. T. Bloodworth,* for appellant.

*J. S. Utley,* Attorney General, and *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

WOOD, J. This is an appeal from a judgment of conviction under an indictment which charged that appellant "did unlawfully and feloniously sell and was unlawfully and feloniously interested in the selling of alcoholic, vinous, malt, spirituous, and fermented liquors."

George Hoffer, a witness on behalf of the State, testified that in the winter of 1921 he bought a quart of liquor of the appellant in Corning, Clay County, Arkansas, for which he paid the sum of $3. On cross examination the witness stated that the grand jury asked him if he had bought any whiskey from the appellant, and he answered that he had not. He further stated that the grand jury told witness that witness' mother had told

them all about it, and that if witness did not tell they would put her in jail for perjury. Witness wanted to save her, and had to tell on somebody in order to avoid trouble. Witness was asked if, while he was working at a certain. hotel, he did not steal Mr. Buzbee's clothes, and answered that the took them.

The appellant, in his own behalf, testified that he had not sold any whiskey to any one and positively denied the testimony of the witness for the State. Several witnesses testified that the general reputation of the witness for the State for truth and morality in the community where he lived was bad.

One of the witnesses for the appellant, on cross-examination, was asked whether or not he knew the general reputation of Bob Gibbs for truth and morality in the community where he lived, and he answered, "Well, there is parts of it that is bad." Appellant duly objected to the question and answer thereto. His objection was overruled by the court, to which ruling appellant duly saved his exceptions.

Among other instructions, the court gave the following:

"8. Certain evidence has been introduced of witnesses examined as to the general reputation of the witness Hoffer and of the defendant himself. This evidence, of course, is not conclusive on the question of whether or not the witnesses swore the truth, but affects their credibility as witnesses, and it is a question for you to determine as to what extent the credibility of such witnesses is affected by such evidence."

1. Appellant contends that there was no testimony to sustain the verdict, for the reason that Hoffer, the only witness for the State, confessed on his cross-examination that he was a liar and a thief. The jury were the sole judges of the evidence and of the credibility of the witnesses. Nothwithstanding his impeachment for truth and morality, it was nevertheless for the jury to say whether or not they would believe and accept his testimony. There was testimony to sustain the verdict that

the appellant sold whiskey as charged, and the same is conclusive here.

2. The appellant next contends that the testimony tending to impeach his general reputation for truth and morality was incompetent. When the appellant testified in his own behalf, he became subject to impeachment in the same manner that any other witness could be impeached.

The court, in its instruction No. 8, expressly told the jury that the testimony as to the general reputation of appellant affected his credibility as a witness. Thus the instruction of the court was tantamount to telling the jury that they could only consider such testimony for that purpose. The testimony as thus limited was competent. *Younger* v. *State,* 100 Ark. 321; *Paxton* v. *State,* 108 Ark. 316; See, also, *Cook* v. *State,* 109 Ark. 384; *Turner* v. *State,* 128 Ark. 565; *Smedley* v. *State,* 130 Ark. 150; *Connor* v. *State,* 132 Ark. 534; *Kelly* v. *State,* 133 Ark. 262; *Pearrow* v. *State,* 146 Ark. 201.

3. Instruction No. 8 does not, as learned counsel for appellant contends, invade the province of the jury. It simply told the jury that the evidence as to the general reputation of Hoffer and the appellant affected their credibility as witnesses and left the jury to determine to what extent their credibility as witnesses was affected by such testimony. The effect of the instruction was to tell the jury that they were the sole judges of the credibility of these witnesses and the weight to be given their testimony. The instruction was correct.

The record presents no error in the rulings of the trial court. The judgment is therefore affirmed.