KNIGHT *v.* STATE.

Opinion delivered July 7, 1924.

BURGLARY—ACCOMPLICE.—One watching outside while an accomplice broke into and stole from a store is as guilty as if he had committed the actual burglary.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*C. M. Wofford,* for appellant.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, J. Merritt Knight prosecutes this appeal to reverse a judgment of conviction against him for the crime of burglary. He was tried before a jury, and his punishment fixed by it at twelve months in the State Penitentiary.

The only assignment of error relied upon for a reversal of the judgment is that the evidence is not legally sufficient to warrant a verdict of guilty.

It appears from the proof that, on the night of the 8th of January, 1924, Otis Evans, a boy fifteen years of age, passed a Mr. Hitchcock's store in the east part of Van Buren, in Crawford County, Arkansas. As he approached the store he saw some men standing on the store porch, and one of them broke a window in the store and jerked the screen off of it. He did not recognize the men. Just before this he had seen an automobile with three or four men in it parked under an electric light about a block away. The car with the men in it had gone around to the side of the store before it was broken into. Evans went to a house near by and telephoned the officers about the burglary.

Oscar Whitson, a member of the police force, received the information concerning the burglary about two o'clock in the morning. He immediately telephoned Bill Beavers, who came for him in an automobile. As they approached Hitchcock's store, they saw a car stopped along the side of it. The automobile then started on, and Whitson overtook it, and saw Preston Lea and Leo

Campbell in the car. Whitson and Beavers then went back to the store, and they saw Merritt Knight and Speck Kelly standing on the edge of the store porch, which was a part of the sidewalk. Speck Kelly had a flashlight in his hand, and was motioning for them to come on up. Merritt Knight and Speck Kelly both approached the car, and the officers arrested them. They found $3 in money in the pockets of Speck Kelly, and one dollar of this was in pennies. They also saw some cigarettes on the store porch near where the screen had been taken off of the window. Knight and Kelly were standing close together in front of the store. Kelly was standing six or seven feet ahead of Merritt Knight.

Mathis Hitchcock was also a witness for the State. According to his testimony, he ran a grocery business with his brother. After the defendant, Merritt Knight, and Fred (or Speck) Kelly had been captured, he was called to the store. He found that about $14 worth of bacon had been taken out of the store and piled back of the store. The money out of the cash register had also been taken. He stated that there was about $3 taken, and about $1 of this was in pennies.

Merritt Knight was a witness for himself. According to his testimony, he had been to a dance near Hitchcock's store on the night in question, and started home some time after one o'clock in the night. When he got down in front of Hitchcock's store he saw a light in the store, and waited probably thirty minutes. A little later he saw a car coming, and stopped it in order to ride to town in it. Whitson jumped off of the car and arrested him.

Knight further testified that he was not with Speck Kelly at this time, and had not seen him for several weeks. He also testified that he was not with Leo Campbell and Preston Lea on that night. On cross-examination he admitted that he had been in the penitentiary one time and in jail more than one time. Other witnesses corroborated his testimony.

In testing the legal sufficiency of the evidence to support the verdict, it must be considered in its strongest light for the State. When this is done, we think the evidence authorized the jury to find the defendant guilty.

The uncontradicted evidence shows that some one broke into the store on the night in question. The proprietor of the store testified that the cash register was robbed and about three dollars were taken from it. One dollar of this was in pennies. This exact amount and kind of money was taken from Speck Kelly, who, with the defendant, was arrested at the scene of the robbery.

It is true that the defendant denied being with Speck Kelly on that night, but the other witnesses say that the defendant and Kelly were standing on the porch in front of the store. Kelly had a flashlight, and beckoned the automobile containing the officers to come on. It will be remembered that another car had been parked near the store just before this. It is fairly inferable that Kelly and Knight thought that they were signaling the occupants of this car to come on. The witnesses for the State say that Kelly was standing about six feet ahead of Knight. While Knight denies being with Kelly, the jury might have inferred that he did not tell the truth about this, and that they were both engaged in the burglary. The defendant admits seeing a light in the store some time after one o'clock in the morning, and that he watched it for thirty minutes. He does not attempt to explain what he saw.

All the surrounding circumstances, when considered together, warranted the jury in finding the defendant guilty. If he was there, and watched on the outside while Kelly got the money and other property from the store, he was just as guilty as if he had actually taken the money out of the cash register himself. *Thomas* v. *State,* 43 Ark. 149; *Glass* v. *State,* 109 Ark. 32; *Cook* v. *State,* 109 Ark. 384; *Marshall* v. *State,* 101 Ark. 155; and *Ingram* v. *State,* 110 Ark. 538.

It follows that the judgment must be affirmed.