Matz v. State.

Criminal 4087

Opinion delivered May 2, 1938.

*Franklin P. Matz,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J.   Appellant was indicted, tried and convicted on a charge of embezzlement from his ward, he being the guardian of Michael Burson, a minor, and was sentenced to one year in the state penitentiary.  He has appealed from the judgment of conviction, but has failed to incorporate into the transcript a bill of exceptions, and his appeal must, therefore, be determined from the face of the record.  The indictment against him reads as follows:  ''The grand jury of Boone county, in the name and by the authority of the state of Arkansas, accuse Franklin P. Matz of the crime of embezzlement committed as follows, to-wit:   The said Franklin P. Matz in the county and state aforesaid on the 15th day of May, 1936, then and there being over the age of sixteen years, and being the legally appointed, qualified, and acting guardian of Michael Burson, and having then and there in his custody and possession as such guardian, as aforesaid, $700, the property of the estate of the said Michael Burson, in gold, silver and paper money of the United States of America of the value of $700, and having been ordered and directed by the probate court of Boone county to make settlement of said estate, and having fraudulently, unlawfully and feloniously failed and re-

fused to make settlement as directed and ordered by probate court as aforesaid, did unlawfully, fraudulently and feloniously make away with and embezzle and convert to his own use, the said $700 as aforesaid without the consent of the said probate court of Boone county, Arkansas, against the peace and dignity of the state of Arkansas.'' This indictment was returned in open court on January 21, 1937.

His first assignment of error for a reversal of the judgment is that the court erred in refusing to quash the indictment on his motion so to do. The argument under this assignment is based on two grounds. The first is that the grand jury which indicted him consisted of sixteen persons, including one J. O. Wilson; that on said January 21, said J. O. Wilson was excused from the grand jury and one Jeffery Dixon was empaneled and sworn to take his place; that no further testimony was taken after the substitution of Dixon for Wilson before the indictment was returned in court on said date, and it is argued thus seventeen men constituted the grand jury and acted upon the indictment. The grand jury was empaneled on the 18th day of January, 1937, and was completed with sixteen men, Joe Wilson being among them. The record further discloses that persons in custody, about whose delinquencies the grand jury was to make inquiry, were brought into court and given permission to make objections to the grand jury. No objections were made and the grand jury was sworn and empaneled for the term in which the above indictment was found. Thereafter, on the 21st day of January, Wilson was excused and Dixon was sworn in his place and empaneled as a grand juror. Shortly thereafter, the grand jury as thus formed returned the above indictment in court. Appellant is mistaken in stating that seventeen persons formed the grand jury which found this indictment. The record discloses that the grand jury consisting of sixteen persons, came into court in charge of a deputy sheriff; that the indictment in question was returned in open court and was properly indorsed a true bill, and signed by the foreman; that it was handed to the clerk, filed and numbered as the law directs. Under the same state of

facts, in *Cook* v. *State,* 109 Ark. 384, 160 S. W. 223, this court said: "Where an indictment is properly returned into court, it will be presumed that it was duly found with the concurrence of the requisite number of the grand jury, and the court did not err in overruling the defendant's motion to quash the indictment." Citing cases. Appellant says that no testimony was received by the grand jury, after Wilson was discharged and Dixon empaneled as a member of the grand jury. Just how he knows this the record does not reflect. The concurrence of only twelve members of the grand jury is necessary to return an indictment.

It is further said that the indictment is not direct and certain as to the offense charged; that it is repugnant in the description of the offense; that it is duplex; and that it is based on a statute originating a crime unknown to the common law, is not in the language of the statute or fully descriptive of the offense charged in the statute. These grounds are not such as may be raised by a motion to quash or set aside the indictment as our statute § 3883 of Pope's Digest, provides that a motion to set aside the indictment can only be made on three grounds, naming them, and not one of the alleged grounds above mentioned falls in any ground mentioned in the statute.

It is next argued that the court erred in overruling his demurrer to the indictment. It is insisted that the indictment above quoted was returned under § 3151 of Pope's Digest relating to embezzlement by clerks, etc., whereas it should have been brought under § 3155 of Pope's Digest relating to embezzlement by executors, administrators or guardians. We cannot agree with appellant in this contention. We think it clear that the indictment was brought under § 3155. It charges him with the crime of embezzlement, and that he was the legally appointed, qualified and acting guardian of Michael Burson, and that he had in his custody and possession as such guardian $700, which was the property and estate of the said Burson, consisting of money of the value of $700, and that he unlawfully, fraudulently and feloniously made away with, embezzled and converted to his own use, said sum of money, "without the consent of the said

probate court of Boone county." Of course, under § 3155 of Pope's Digest, it was unnecessary to allege that it was without the consent of the probate court of Boone county. It was also unnecessary to have alleged that he was ordered and directed by the probate court of Boone county to make settlement of said estate or that he unlawfully and feloniously failed and refused to make settlement as directed and ordered by said court. This part of the indictment was surplusage and would have been good without these allegations, but the fact that they were present did not have the effect of changing the indictment to a procedure under § 3151. Under the old statute, § 3028 of Crawford & Moses' Digest, which was in force prior to the adoption of the initiated Act No. 3, it is said that the indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." We think the indictment in this case measures up to the requirements of this statute. From it, appellant, who is a lawyer, undoubtedly knew that he was charged with embezzling his ward's funds in his capacity as guardian. We think it was sufficient to put him to trial on the merits of the case, and that the court did not err in overruling his demurrer.

Another assignment of error is that the court erred in overruling his plea in abatement. In this plea, he alleged that, while acting as guardian of the estate of Michael Burson, his actions were entirely based upon court orders of the probate court of Boone county; that all expenditures, disbursements and investments made by him were made with the knowledge, consent and under the express orders of the judge of the probate court as reflected by the certificate of the probate judge, the order discharging him as guardian, his final account showing an itemized statement of the receipts and disbursements in probate court, to which was attached the certificate of said judge and a statement of his receipts and disbursements as guardian of said minor. We think the allegations of his plea show that they were matters properly to be considered in defense of the charge, and were

not available on a plea in abatement. The rule with reference to a plea in abatement, is laid down in 16 C. J., p. 406, as follows: "Any defect apparent on the face of the indictment, or founded on matter extrinsic of the record, rendering the indictment insufficient, may be made the ground of a plea in abatement, and if found for defendant will abate the indictment. Matter in abatement must be so pleaded. A plea in abatement is the proper mode of raising the objection that the indictment was found by an illegal grand jury, or illegally found by a legal grand jury; that a juror was ineligible; that a mistake was made by the clerk in indorsing the indictment as a 'true bill'; that there has been no sufficient preliminary examination; that the venue was wrong; that the crime charged is not the crime for which defendant was extradited; that there is a misnomer of defendant; that the offense is not one which can be prosecuted by information; and similar objections. Defendant cannot plead in abatement matters which are admissible in defense under the plea of not guilty, or which should be pleaded in bar, or any matter which has been admitted by his previous pleadings. A plea in abatement cannot serve the office of a demurrer, as for instance, to attack the validity of the law under which accused is charged. So the pendency of another indictment in the same court for the same cause, the failure to indorse the names on the indictment where the statute is not mandatory, or the fact that the commissioner of juries was prevented by duress from attending upon or supervising the grand jury, is not good ground for a plea in abatement. Nor can the title of a judge to his office be questioned by a plea in abatement. The authorities are conflicting as to whether it is proper, in a plea in abatement, to raise an issue of fact as to matters which the policy of the law requires to be kept secret, as, for instance, what evidence was presented to the grand jury. In some states pleas in abatement have been abolished, or restricted in operation."

It will be noticed that under the above quotation, "defendant cannot plead in abatement matters which are admissible in defense under the plea of not guilty," and

we are of the opinion that the matter set out in his plea, was a matter which was admissible in defense under his plea of not guilty, and was not sufficient to support a plea in abatement.

Other assignments of error are argued, among them that the court should have directed a verdict for appellant; that it erred in not arresting the judgment on his motion; that it erred in overruling his motion for a new trial and in sentencing him, and have all been carefully considered by us and found to be without merit.

No error appearing, the judgment is affirmed.